**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

**FILED**

JAN - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRANDISON,

MC AC C-46
401 E. Madison Street
Baltimore, MD 21202

                    Plaintiffs                    *

                                        Case: 1:08-cv-00024
                                        Assigned To : Leon, Richard J.
                                        Assign. Date : 1/7/2008
                                        Description: FOIA/Privacy Act

            v.

U.S. DEPARTMENT OF JUSTICE                    *

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

FREEDOM OF INFORMATION & PRIVACY STAFF

600 E. Street, N.W., Suite 7300, Bicentennial Building

WASHINGTON, DC 20530-0001

            Defendants                    *

**∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗∗**

### COMPLAINT

Plaintiff, Anthony Grandison, proceeding pro se moves pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. & 552, and the Privacy Act, 5 U.S.C. & 552a. And state the following.

### I. INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. & 552, and the Privacy Act, 5 U.S.C. & 552a, and pertains to the processing of plaintiff's FOIA request by the Executive Office for United States Attorneys (EOUSA) of the Department of Justice ("DOJ").

### II. PROCEDURAL AND FACTUAL BACKGROUND

In early March 2007, Plaintiff Grandison filed request for Freedom of Information Act/Privacy Act Requests to the Executive Office for United States Attorneys

**RECEIVED**

NOV 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

*1*

(EOUSA) of the Department of Justice requesting copies of the records filed in the matter of Piechowicz v. United States, No. K-86-802 (D. Md.).

On March 22, 2007 James M. Kovakas Attorney in Charge FOI/PA unit, Civil Division of the U.S. Department of Justice informed Plaintiff Grandison that his Request for certain documents pertaining to the case Cheryl Ann Piechowicz, et. al. v. United States, Civil No. K-86-802 had been received and assigned control number 145-FOI-9135 to plaintiff's request.

On April 17, 2007 James M. Kovakas informed Grandison that pursuant to his request a search had been conducted of the Civil Division's file of the above-referenced case and identified the documents which plaintiff Grandison requested. However, after reviewing same he had determined that these documents identify and/or contain personal information about other witnesses from plaintiff drug trafficking case, court officials, experts, attorneys and law enforcement officials connect with that matter. And that he was withholding these documents to protect the identities and information concerning these individuals pursuant to 5 U.S.C. &552 (b)(6) and (b)(7)(C). See Plaintiff Grandison Exhibit No. (1) (Two pages).

On May 10, 2007 Priscilla Jones, Supervisory Administrative Specialist from the U.S. Department of Justice informed Plaintiff Grandison that his administrative appeal from the action of the Civil Division in Request No. 145-FOI-9135 was received on May 8, 2007 and assigned number 07-1428 as any future correspondence with its Office. Plaintiff Grandison Exhibit No. (2) (One page).

In late March, 2007 Plaintiff had likewise filed a request for Freedom of Information Act/Privacy Act to the Office of United States Attorney for the District of Maryland.

On April 2, 2007 that Office informed Plaintiff in accordance with the Department of Justice regulations at 28 C.F.R. & 16.3 its Office was forwarding the request to the FOIA/PA Unit in Washington, D.C. and for Grandison to make any further inquires to

2

the Executive Office for United States Attorneys in Washington, D.C. 20530.

On May 18, 2007 the Executive Office for United States Attorneys in response to the April 2, 2007 referral informed Plaintiff it had split his request into two separate files ("requests") for the separate districts and/or subjects mentioned in the request letter. And assigned two separate numbers as follows;

07-1606 Piechowicz v. U.S. (Non-public records).

07-1608 Piechowicz v. U.S. (specific public records) DMD

On May 21, 2007 directly after Plaintiff received the May 18, 2007 letter with respect to his Request Number 07-1606 the Executive Office for United States Attorneys informed since he had not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. & 552a. And those records were generally exempt from disclosure pursuant to sections (b)(6) and (b)(7) (C) of the Freedom of Information Act, 5 U.S.C. & 552.

On June 5, 2007 Plaintiff appealed that decision which resulting in the Defendants representative Priscilla Jones, Supervisory Administrative Specialist of U.S. Department of Justice on June 20, 2007 informing Grandison the administrative appeal from the action of the Executive Office for United States Attorneys in Request No. 07-1606 had been received by its Office on June 14, 2007 and assigned number 07-1706 as the correspondence number.

On June 29, 2007 subsequent thereafter the Freedom of Information Act/Privacy Act Unit informed Grandison by letter in respect to Request number 07-1608 as follows;

1. [ ] A search for records located in this office has revealed no records.

2. [X] A search for records located in the United States Attorney's Office(s) for the District of Maryland (DMD) has revealed no records.

3

3. [ ] The records which you have requested cannot be located.

4. [ ] This office is continuing its work on the other subject/districts mentioned in your request.

5. [X] This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

On August 2, 2007 the U.S. Department of Justice through its FOI/Privacy Act representative Associate Director, Jancie Galti McLeod informed Plaintiff;

> After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I am remanding your request for a further search for responsive records. And if the EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to any applicable fees. **See Plaintiff Grandison Exhibit No. (3) (One page).**

On August 21, 2007 the U.S. Department of Justice Executive Office for United States Attorneys communicated to Plaintiff its office had received the remand and that it had been assigned number 07-2750 (Piechowicz v. U.S. (Non-public records).

Finally on September 13, 2007 Plaintiff Grandison advised the U.S. Department of Justice Executive Office for United States Attorneys that those records had been earlier located on April 17, 2007 as acknowledged by Mr. James M. Kovakas the "Attorney In Charge" FOI/PA Office, Civil Division in **"FOIA APPEAL"** Control Number 145-FOI-9135. Thus its was no reason for a continue delay in turning them over. **See Plaintiff Grandison Exhibit No. (4) (Two pages).**

**III. REASONS WHY COMPLAINT SHOULD BE GRANTED:**

In the instant case, Plaintiff Grandison filed two separate Freedom of

4

Information Act (FOIA) requests pursuant to 5 U.S.C. &552 with the Executive Office United States Attorneys (EOUSA). The first on March 7, 2007 with the (EOUSA) in Washington D.C. requesting copies of certain documents from the civil case of <u>Cheryl Ann Piechowicz, et al. v. United States</u>, Civil No. K-86-802. And the request be considered pursuant to departmental regulations 28 CFR 16. 5 (d) (1) (iii) *(expedite processing)* because of Plaintiff Grandison being under two sentences of death in the State of Maryland. Expedited proceeding was granted by the defendants *(EOUSA)*. And the second was filed in the later part of March, 2007 with the U.S. Attorney's Office for Maryland.

On April 17, 2007 in respect to the first FOI/PA request the defendants representative, Mr. James M. Kovakas the "Attorney In Charge" FOI/PA Office, Civil Division informed Plaintiff Grandison as follows;

> *This letter is in response to your March 7, 2007 request, made pursuant to the Freedom of Information Act (FOIA), & 5 U.S.C. &552, for copies of certain documents pertaining to the case Cheryl Ann Piechowicz, et al V. United States, Civil No. K-86-802. Pursuant to your request, we conducted a search of the Civil Division's file of the above-referenced case and identified the documents which your requested. I reviewed the depositions of Cheryl Ann Piechowicz and James C. Savage as well as answer to interrogatories by John I. Kennedy, Jr., Cheryl Ann Piechowicz, and the United States. I determined that these documents identify and/or contain personal information about other witnesses from your drug trafficking case, court officials, experts, attorneys and law enforcement officials connect with that matter. I am withholding these documents to protect the identifies and information concerning these individuals pursuant to 5 U.S.C. &552 (b) (6) and (b) (7) (C). If you disagree with my decision to deny you access to the documents responsive to your request as outlined above, you may appeal by writing within 60 working days of the receipt of this letter to the Office of Information and Privacy Suite 570, Flag. Building, United States Department of Justice, Washington, D.C. 20530. Both the letter appealing the decision and the envelope should be clearly marked "FOIA APPEAL." Thereafter, judicial review would be available in the U.S. District Court in the district in which you reside or have your principal place of business or in the U.S. District Court for the District of Columbia.*

On May 21, 2007 in respect to the second FOI/PA request the defendants representative, the Assistant Director Mr. William G. Stewart II informed Plaintiff Grandison as follows;

> *You have requested records concerning a third party [or third parties]. Records pertaining to a third party generally cannot be released absent express authorization and consent of the*

third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. &552a. These records are also generally exempt from disclosure pursuant to sections [b][6] and [b][7][C] of the Freedom of Information Act, 5 U.S.C. &552.

We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express of authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please submit a new request for public documents.

Should you obtain the written authorization and consent of the third party for release of the records please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. & 1001.

Based on those reasons Mr. Kovakas and Mr. Stewart's office withheld the requested documents. And Grandison filed two timely separate Administrative Appeal arguing the defendants representatives Mr. Kovakas and Mr. Stewart erroneously relied on the provisions of 5 U.S.C. &552 (b) (6) and (b) (7) (C) that read as follows;

(b)(6) "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, and

(b)(7)(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Although the appeals were filed separately those appeals were decided on August 2, 2007 by Associate Director Ms. Janice Galli McLeod the defendants representative in Appeal No. 07-17-6, and Request No. 07-1606, which stated;

Dear Grandison:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to certain records pertaining to a civil case entitled Piechowicz v. United States, No. K-86-802 (D. Md.). After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I am remanding your request for a further search for responsive records. If EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to

6

any applicable fees. You may appeal any future adverse determination made by EOUSA. If you consider my action to be denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. & 552(a)(4)(B).

As a result Plaintiff avers its obvious the Defendants second search were not reasonably calculated to uncover all relevant documents. Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, (D.C. Cir. 1984) id at 1485. Since the EOUSA initially on June 29, 2007 denied that it had any response documents in its files after having had on April 17, 2007 previously acknowledged through one of there representative Mr. James M. Kovakas, they possess the documents in question. And a requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies. See 5 U.S.C. &552(a)(6)(A)(i) &(C). Valencia-Lucena v. U.S. Coast Guard, (C.A. D.C. 1999) at 180 F.3d 325 quoting Oglesby, I 920 F.2d at 67.

Plaintiff Grandison has exhausted his administrative remedies. Thus the Defendants failure to turn those documents over after this length of time despite the fact Defendants had granted his (FOIA) request for extradited processing pursuant to the departmental regulations 28 CFR 16. 5 (d) (1) (iii) and considers the defendants EOUSA actions in both appeals to be a denial of his appeals.

IV. Argument I.

The Documents Fail To Meet The Threshold Requirement Of 5 USC &552 Subsections (b)(6) Since The Decease Persons Have No Surviving Privacy Interest:

Plaintiff Grandison avers the fact Cheryl Ann Piechowicz died from a brain tumor *on February 12, 1998,* her father John I, Kennedy Jr. died from cancer in the late '90s, and the court reporter, John McCarthy responsible for recording and transcribing the deposition proceedings of James C. Savage, passed away from a heart attack in the early or mid '90s. Legally those decease persons have no surviving privacy interest that would

7

justify the withholding of documents or other information relating to them. See, <u>Cordell v. Detective Publication, Inc.</u>, 419 F.2d 989 (6th Cir. 1969), and <u>Maritote v Desilu Productions</u>, 345 F.2d 418 (7th Cir. 1965). All standing for the proposition that the right to recovery for invasion of privacy is purely personal and *"lapses with the death of the person who enjoyed it."* Cordell, 419 F.2d at 990.

Alternatively it has been recognized that the privacy interest in nondisclosure of identifying information may be diminished where the individual is deceased. Schrecker II, 349 F.3d at 661. See <u>Davis v. Dep't of Justice</u>, 460 F.3d 92 (CA D.C. 2006) at 95-97; Instead, the fact of death, while not requiring the release of information is a relevant factor to be taken into account in the balancing decision whether to release information. Id. (quoting Schrecker I. 254 F.3d at 166). Consequently, without confirmation that the Government took certain basis steps to ascertain whether an individual was dead or alive, we are unable to say whether the Government reasonably balanced the interest in personal privacy against the public interest in release of the information at issue. "Schrecker I. 254 F.3d at 167. The Government obligation in this regard is to make a reasonable effort to ascertain life status. Schrecker II, 349 F.3d at 662. Its efforts must be assessed in light of the accessibility of the relevant information. <u>Davis v. Dep't of Justice</u>, supra Id. Thus Plaintiff cannot be required  to obtain the express authorization of any of the surviving third parties, or to provide a death certificate for the decease third parties, or a public justification for release.

Furthermore, the Department of Justice may not through its representative claim a privacy interest in the behalf of any surviving parties or decease ones who  have knowingly and willingly waived any privacy interest assuming they had any, when those persons willingly publicly provided the very same information in a public forum on more than one occasions. First in the presence of Grandison in the United States District Court, news media covering the high profile trials of Plaintiff and his alleged codefendants in the United States District Court nearly 25 years ago. Secondly in the  State Circuit Court  for Somerset County nearly 24 years ago. Thirdly in a civil litigation filed in the United States District Court

8

for Maryland were the decease gave depositions to third parties, filed interrogatories, answered interrogatories, and willing publicly provided the very same information to the United States District Court for the District of Maryland, and the news media.

## V. Argument: II.

### The Documents Fail To Meet The Threshold Requirement Of 5 USC &552 Subsection (b) (7) (C).

Plaintiff Grandison argues the documents requested does not fall under the umbrella of either subsection (b) (6) or (b) (7) (C) since exemption (7) may not be applied to shield the information withheld from disclosure. And here the documents at issue fail the threshold requirement that they constitute "investigatory records compiled for law enforcement" pursuant to Title 5 U.S.C. &552 (b) (6) and (b) (7) (C). Since the documents on there face indicate they were not compiled for law enforcement purposes. But instead the documents requested consists of ("interrogatories, depositions taken on March 30, 1987 and April 1, 1987) that were created in Piechowicz v. United States, 885 F.2d 1207 (4th Cir. 1989) in the civil proceedings in order for the plaintiffs in that case to sustain their lawsuit, and the defendants to defeat against it.

Proof of that fact is found in the May 9, 1986 Memorandum of Points and Authorities in Support of the defendants Savage and Ryan's Motion to Dismiss the lawsuit in Piechowicz, et al vs. United States, Civil Action No. K-86-802, whereas, the defendants Introduction states as follows;

> This case involves the murders of a witness in a federal drug prosecution and an innocent bystander by the agent of the prosecuted drug dealer. The estates of the two victims are attempting to hold the federal officials involved in the prosecution of the drug dealer liable for the murders committed by the drug dealer's agent. The administrators and personal representatives of the estates of David Scott Piechowicz and Susan C. Kennedy have brought this action against Assistant United States Attorney (AUSA) James C. Savage and Special Agent John Ryan of the Drug Enforcement Administration in their individual as well as their official capacities as federal employees[1]
> Plaintiffs' allegations arise from the prosecution of Anthony Grandison for violations of federal narcotics and firearms laws in the United States District Court for the District of

Maryland. Defendant Savage is an Assistant United States Attorney in this District, and
defendant Ryan is a Special Agent who at all times relevant was assigned to the Drug
Enforcement Administration.

[1]. A separate motion and memorandum have been filed on behalf of the United States
and defendants Savage and Ryan in their official capacities. This motion and
memorandum are directed to plaintiffs claims for the individuals personal liability in
damages.

Also Plaintiff avers an examination of the evidence submitted to the
Defendants in the form of Exhibits in Plaintiff's administrative appeals. Such as 'the court
reporter Mr. Joseph A. Grabowski *(Gore Brothers Reporting & Videoconferencing)* who
actually recorded and transcribed the deposition of Cheryl Ann Piechowicz on March 30,
1987 establishes those documents were not created in conjunction with any federal or state
criminal investigation or for any investigatory purposes by law enforcement, Court reporter
John McCarthy an associate of (Abraham Weinapple) who actually recorded and
transcribed the deposition of James C. Savage on April 1, 1987, and a April 28, 1988
newspaper interview given the Baltimore Evening Sun Paper by the decease Cheryl Ann
Piechowicz and James C. Savage. All establishes those documents was not created in
conjunction with any federal or state criminal investigation, or for any investigatory purposes
by law enforcement.

Thus while exemption (7) permits an agency to withhold "records or
information" if the agency demonstrates that the material was "compiled for law enforcement
purposes" and that it qualifies for exclusion under at least one of the narrowly-defined criteria
in subsections (A)-(F). See 5 U.S.C. & 552(b) (7) (A)-(F); FBI v. Abramson, 456 U.S. 615,
622, 102 S.Ct. 2054, 2059, 72 L.Ed. 2d 376 (1982); Keys v. United States Dept. of Justice,
830 F.2d 337, 340 (D.C. Cir. 1987). However, both Exhibits (1) and (2) attached to Plaintiff's
administrative appeals suffice as proof those documents were not created for any federal or
state criminal investigation or subject to any protective court order to be seal from disclosure
of those documents in that civil case seeking confidentiality based on any request by either
the plaintiffs who filed the lawsuit in Cheryl Ann Piechowicz, et al v. United States, supra, or
the Defendants defending against the suit.

10

Considered with those precepts in mind such facts establishes beyond any doubt the depositions, interrogatories, answers, and etc. requested by Plaintiff were not created by law enforcement for any investigatory purposes. To the contrary those documents were created in connection with a civil lawsuit filed in a United States District Court without any orders issued by the district court sealing those records. Instead filed in a Public Forum *i.e. (United States District Court for the District of Maryland)* created by the plaintiffs *("Cheryl Ann Piechowicz, et al")* for the sole purpose of attempting to win the lawsuit against the defendants in United States District Court for the District of Maryland. While on the other hand the defendants *("James C. Savage, John Ryan, and the Government")* only part in the matter was as a defendant to defeated the plaintiffs lawsuit by having same dismissed. As so rendering those documents as public court records not subject to either subsection (b)(6) or (b) (7) (C) exemption.

## VI. Argument: III.

### Assuming any 5 U.S.C. &552 (b) (6) or (b) (7) (C) Exemptions Existed They Have Been Ipso Facto Waived.

While it is clear that FBI/DEA agents themselves, the names of FBI/DEA agents and persons interviewed by FBI during law enforcement investigations have the right to be protected pursuant to exemption (b)(7)(C) against public disclosure of their participation in law enforcement investigations. Confidentiality does not extend to non criminal investigation depositions.

Thus such an exemption in the case sub judice however does not apply considering the documents in question were created in a civil proceeding *("lawsuit filed in a United States District Court)* without either the Plaintiffs *"Piechowicz, et al"*, or the defendants *"James C. Savage, John Ryan, and the United States Government")*. Further since no motion was filed by either party in that civil proceeding requesting the U.S. District Court to seal those records to prevent disclosure was tantamount to a waiver of any exemption assuming arguendo the Dep't of Justice legally possessed a right to seek

11

subsections (b)(6) or (b)(7)(C) exemptions for documents not created pursuant to a federal or state criminal investigation or for criminal investigatory purposes.

Nonetheless those parties responsible for those requested documents being created and are mention in the interrogatories, depositions, and other documents Ipso facto waived any protective exemptions privacy rights when they provided the news media with the substance of their deposition testimony, previous interviews with FBI/DEA agents, and Assistant U.S. Attorneys during an interview with the Baltimore Evening Sun Newspaper on April 28, 1988. In fact the plaintiffs Cheryl Ann Piechowicz et al, the defendants James C. Savage, and others in those civil proceedings ipso facto waived any exemption by allowing themselves to be deposed respectively March 30, 1987 and April 1, 1987 without seeking a court order to seal those depositions constitutes a waiver of any exemption rights they may have possessed in order for the Justice Department to seek nondisclosure claim under exemption (b) (6) or (b) (7) (C).

Likewise, Cheryl Piechowicz (now decease) by her own actions on April 28, 1988 ipso facto waived any exemptions assuming she possessed any by giving an exclusive interview to newspaper report Kelly Gilbert of the "Baltimore Evening Sun Newspaper". To which Piechowicz expose to the general public in a written newspaper article the exact contents of her testimony she testified to when deposed by deposition on March 30, 1987 in conjunction with her lawsuit concerning the murders of her husband and sister on April 28, 1983, alleged threats by Janet Moore, and the defendants (Government prosecutor and agents) failure to protect them. Piechowicz also on that date publicly exposure through the news media the exact contents of James C. Savage testimony in conjunction with the lawsuit when deposed on April 1, 1987. James C. Savage likewise on April 28, 1988 through newspaper report Kelly Gilbert by publicly exposing to the general public information about what he testified to when he was deposed in conjunction with the lawsuit filed against himself and the Government by Cheryl Ann Piechowicz, et. al constitute an ipso facto waiver of any exemption rights assuming Savage possessed any in

12

documents not created in a federal or state criminal investigation, or for criminal investigatory purposes.

Additionally, Cheryl Ann Piechowicz, James C. Savage, Joseph I. Kennedy Jr., as well as the other individuals names mention in the depositions of March 30, 1987 and April 1, 1987, are not entitled to any exemptions because they all previously personally testified in Grandison's public drug trial in United States v. Grandison, 783 F.2d 1152, (4th Cir. 1986) concerning the offenses, and have given personal information about themselves as recorded transcripts from March 11, 14, 1983 during Grandison's open public pretrial proceedings in drug case. And subsequent trial that occurred from May 3 to May 11, 1983, Grandison's September 12, to November 3, 1983 Criminal Civil Rights violations trial United States v. Grandison, 780 F.2d 425, (4th Cir. 1985), and Grandison's state capital trial on April 26, to June 6, 1984 involving or related to the same subject matter testified to by those individuals in the federal trials, Grandison v. State, 305 Md. 685 (1986) ("Grandison II"), and Grandison capital resentencing proceeding from May 19, to June 3, 1994, Grandison v. State, 341 Md. 175 (1995). ("Grandison III"). To which they (FBI agent Kevin O'Connell, and others ) either were called as prosecution or defense witness in those proceedings revealing testimony concerning the offense and personal information about themselves. On the other hand third parties like Janet Moore, Rodney Kelly, Vernon Evans, mention in either Cheryl Ann Piechowicz depositions were charged as codefendants in the federal civil rights trials, the State capital trials for murder, and the substances of their alleged action as testified by federal/state witness Charlene Sparrow, Theresa Purdie, and others as set forth in the above cited cases.

Individuals like Peanut King mentioned on page 20 of James C. Savage deposition are only referred to whether James C. Savage determined or believed there was a connection between Grandison and Peanut King (an alleged Drug Kingpin), if there was any. Savage was questioned in Cheryl Piechowicz, et. al attorneys Goldberg about whether or not he was aware of Grandison prior convictions for assaulting a federal officer before the

13

murders, about Grandison being stopped at the BWI airport with a large amount of money in 1982, an alleged threat made by Janet Moore on March 14, 1983 at the Baltimore Federal District Court, former Judge Howard admonishing Moore and others, about Vernon Evans and Grandison being allegedly involved in a prior incident were a witness was shot (Joseph Miller) now decease), whether Wendy Grandison and Janet Moore as being the same person, Janet Moore's criminal background, whether Luther Pugh a former desk clerk at the Warren House Motel was a witness confronted by Janet Moore on March 14, 1983. And Cheryl Piechowicz's deposition actually consists of the mention of some of the above names and the communication she claim related to John Ryan and James C. Savage, whether she had sought protection from Ryan, Savage, O'Connell or any agent prior to April 28, 1983. And at the conclusion of Cheryl Ann Piechowicz's March 30, 1987 deposition the statement by court reporter Joseph A. Grabowski constituted an ipso fact waiver of any exemptions assuming any exist in a documents created by individual members of the general public during a deposition filed in a public civil lawsuit. A deposition that concluded by stating as following;

> I, Joseph A. Grabowski, a Notary Public in and for the State of Maryland, County of Baltimore, do hereby certify that the within named Cheryl Ann Piechowicz personally appeared before me at the time and place herein set out, and after having been first duly sworn according to law, was interrogated by counsel. I further certify that the examination was recorded stenographically by me and then transcribed from my stenographic notes to the within typewritten matter in a true and accurate manner. I further certify that the stipulations contained herein were entered into by counsel in my presence. I further certify that I am not of counsel to any of the parties, nor an employee of counsel, nor related to any of the parities, nor in any way interested in the outcome of this action. As witness my hand and notarial seal this 3rd day of April, 1987.

Likewise James C. Savage's deposition constitutes an ipso facto waiver by the court report John McCrathy whom concluded as follows;

> I, John McCrathy, do hereby certify that the within named, James C. Savage, personally appeared before me at the time and place herein set out, and was interrogated by counsel. I further certify that the examination was recorded stenographically by me and this transcript is a true record of the proceedings. I further certify that the stipulation

14

contained herein was entered into by counsel in my presence. I further certify that I am
not of counsel to any of the parties, or an employee of counsel, nor related to any of the
parties, nor in any way interested in the outcome of this action. As witness my hand this
day of April, 1987.

Such affidavits at the conclusion of both depositions is proof they were not
documents gathered by the FBI/DEA, United States Attorney's Office for any criminal
investigative purposes that were subsequently provided to the United States District Court
for the District of Maryland identified as Exhibit A and C by the plaintiffs.

In conclusion if any exemption exist than surely they were waived once they
testified in those public forums were the general public had an opportunity to hear and see
them testify, and when they communicate the contents of those depositions to the general
public through the news media, and no order ever having been requested or issued sealing
the contents of those depositions by a court of law upon either the plaintiffs or the defendants
request, or by the United States District Court sua sponte.

## VII. Argument IV.

### Defendants Promise To Turnover Any And All Releasable Records Constitutes An Ipso Facto Waiver Assuming Any Exemptions Exist Under Exemptions (6) and (7).

Plaintiff avers the fact that the Defendants on April 17, 2007 admitted it agency
possessed the requested documents. See Plaintiff Grandison's Exhibit No. (1). And
subsequently on August 2, 2007 conceded the exemptions did not apply by informing
Plaintiff that they would turnover any and all requested documents. See Plaintiff Grandison's
Exhibit No. (3) (One page).

*I am remanding your request for a further search for responsive records, and if
EOUSA locates responsive records through this search, it will send any and all
releasable portions of them to you directly, subject to applicable fees. You may
appeal any future adverse determination made by EOUSA.*

That concession constituted an ipso facto waiver of any exemptions

assuming any applied in the case sub judice.

**VIII. Argument V.**

### Defendants Agency's Corruption Or Illegality In The Performance Of There Statutory Duties:

The Plaintiff avers the general public has a right to a fair and impartial trial, and the 'FOIA' recognizes a public interest bearing on an agency's performance of its statutory duties. U.S. Dep't of Justice v. Reporters Committee, 489 U.S. at 773, 109 S.Ct. 1468. Tools which tells the court about matters of substantive law enforcement policy that are properly the subject of public concern. 458 U.S. 757, 768 n. 18, 109 U.S., S.Ct. 1468. And the information contained in the public files requested reveals defendants have that is essential to prove that the public was both denied and deprived of its right to fairly determination a cause, i.e. to try and punish the real person, or persons who were responsible for the murders of a federal witness at the Warren House Hotel on April 28, 1983. Since the documents in question reveals federal/state prosecutors not only had knowledge of facts that two federal/state witnesses testified falsely. But that the federal/state prosecutors had knowingly and deliberately subornated and elicited the perjurious testimony of federal/state witness Cheryl Ann Piechowicz and former federal prosecutor James C. Savage during three public trials involving the Grandison.

Considered with that precept in mind there cannot be a more compelling public interest when there is evidence, when an agency's such as the defendants are suppressing evidence to ensure that federal/state convictions and a State death sentences against Grandison obtained through the knowingly perjured testimony of a federal/state witness, and a former Assistant U.S. Attorney not be overturned. Documents the defendants acknowledged they have but nonetheless in bad faith for the sole purpose of attempting to save the federal/state prosecutions cases to continue to suppress same under the guise of the FOIA exemptions (6) and (7). See Plaintiff Grandison's Exhibit No. (1). Exemptions the defendants has acknowledged in response to Grandison's administrative appeals did not

16

realistically exists or protections afforded by the exemptions did not apply. **See Plaintiff Grandison's Exhibit No. (3) (One page).**

Nonetheless the defendants unjustifiably continues to delaying turning over those requested documents under the false pretense found in its August 2, 2007 reply to Plaintiff's administrative appeals. That it has to again search for those documents. **See Plaintiff Grandison's Exhibit No. (3) (One page).**

*I am remanding your request for a further search for responsive records, and if EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to applicable fees. You may appeal any future adverse determination made by EOUSA.*

Despite the fact the defendants has previously acknowledged more than seven months ago on April 17, 2007 it possessed those documents **See Plaintiff Grandison's Exhibit No. (1).** Thus surely this delay it clearly unjustified as Plaintiff informed the defendants in a letter thereafter. **See Plaintiff Grandison's Exhibit No. (4) (Two pages).** And being employed in an attempt to deny Plaintiff access to those documents although the Defendants has already concedes the exemptions don't apply. **See Plaintiff Grandison's Exhibit No. (3) (One page).**

WHEREFORE, the Plaintiff Grandison respectfully requests that this Honorable Court issue an extradited order requiring the Defendants to provided the plaintiff with said records in the unredacted version within seven (7) days of the Court's order without any further delay forthwith.

Respectfully, submitted

Anthony Grandison #172622

17

**U.S. Department of Justice**

Civil Division

_____

*Washington, D.C. 20530*

JMK:jk:145-FOI-9135                    April 17, 2007

Mr. Anthony Grandison
Reg. No. 172622
MCAC C-40
401 E. Madison Street
Baltimore, MD 21202

Dear Mr. Grandison:

    This letter is in response to your March 7, 2007 request,
made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C.
§552, for copies of certain documents pertaining to the case
*Cheryl Ann Piechowicz, et al. V. United States*, Civil No. K-86-
802.

    Pursuant to your request, we conducted a search of the Civil
Division's file of the above-referenced case and identified the
documents which you requested.  I reviewed the depositions of
Cheryl Ann Piechowicz and James C. Savage as well as answers to
interrogatories by John I. Kennedy, Jr., Cheryl Ann Piechowicz,
and the United States.  I determined that these documents
identify and/or contain personal information about other
witnesses from your drug trafficking case, court officials,
experts, attorneys and law enforcement officials connect with
that matter.  I am withholding these documents to protect the
identities and information concerning these individuals pursuant
to 5 U.S.C. §552(b)(6) and (b)(7)(C).

    If you disagree with my decision to deny you access to the
documents responsive to your request as outlined above, you may
appeal by writing within 60 working days of the receipt of this
letter to the Office of Information and Privacy, Suite 570, Flag.
Building, United States Department of Justice, Washington, D.C.
20530.  Both the letter appealing the decision and the envelope
should be clearly marked "FOIA APPEAL."

    Thereafter, judicial review would be available in the U.S.

**08 0024**

**FILED**

JAN - 7 2008

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

-2-

District Court in the district in which you reside or have your
principal place of business or in the U.S. District Court for the
District of Columbia.

Sincerely,

*James M. Kovakas*

James M. Kovakas
Attorney In Charge
FOI/PA Office, Civil Division



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

MAY 1 0 2007

Mr. Anthony Grandison
No. 172622
MCAC C-46
401 E. Madison Street
Baltimore, MD 21202

     Re: Request No. 145-FOI-9135

Dear Mr. Grandison:

     This is to advise you that your administrative appeal from the action of the Civil Division was received by this Office on May 8, 2007.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **07-1428**. Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can. We regret the necessity of this delay and appreciate your continued patience.

                 Sincerely,

                 Priscilla Jones
                 Supervisory Administrative Specialist

08 0024

**FILED**

JAN - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

AUG 0 2 2007

Mr. Anthony Grandison
No. 172622
Maryland Correctional Adjustment Center          Re:     Appeal No. 07-1706
401 East Madison Street                                  Request No. 07-1606
Baltimore, MD  21202                                     ALB:CAS

Dear Mr. Grandison:

     You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to certain records pertaining to a civil case entitled
<u>Piechowicz v. United States</u>, No. K-86-802 (D.Md).

     After carefully considering your appeal, and as a result of discussions between EOUSA
personnel and a member of my staff, I am remanding your request for a further search for
responsive records.  If EOUSA locates responsive records through this search, it will send any
and all releasable portions of them to you directly, subject to any applicable fees.  You may
appeal any future adverse determination made by EOUSA.

     If you consider my action to be a denial of your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

          Sincerely,

          Janice Galli McLeod
          Associate Director

08 0024

**FILED**

JAN - 7 2008

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Anthony Grandison #172622
MCAC C-46
401 E. Madison Street
Baltimore, MD 21202

Mr. William G. Stewart II
Assistant Director
U.S. Department of Justice
Executive Office for United States Attorneys
Freedom of Information & Privacy Staff
600 E. Street, N.W., Suite 7300, Bicentennial Building
Washington, DC 20530-0001

<center>Re: Request No. 07-2750</center>

Dear Stewart II

      I've taken this opportunity to write your office concerning the above request number. The last response I received from your office was on August 21, 2007 related to a letter I received from Ms. Janice Galli McLeod on August 2, 2007 in respect to my appeal, and the case number was Appeal No. 07-17-6; and Request No. 07-1606; ALB:CAS: That letter stated;

Dear Grandison:

      You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to certain records pertaining to a civil case entitled Piechowicz v. United States, No. K-86-802 (D. Md.).

      *After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I am remanding your request for a further search for responsive records. If EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to any applicable fees. You may appeal any future adverse determination made by EOUSA.*

      If you consider my action to be denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. & 552(a)(4)(B).

<center>1</center>

08 0024

**FILED**

JAN - 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit No. (4)

Sincerely,

Janice Galli McLeod

Associate Director

Please be advised that those records had been earlier located by Mr. James M. Kovakas on April 17, 2007 the "Attorney In Charge" FOI/PA Office, Civil Division in **"FOIA APPEAL"** *Control Number 145-FOI-9135*. Thus your Office has already acknowledged you have the records. DATED: 9-13-2007

Considered with that precept in mind, there is no reason to continue to delay this matter under a pretense of a further search for the responsive records because you have them.

In conclusion I request that the records be turned over immediately without any further delay. Thanking your Office in advance for your time and any consideration in this matter. And I await your reply.

Respectfully, submitted

Anthony Grandison #172622

DATED: 9-13-2007

9-13-2007

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

*ANTHONY GRANDISON*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  *88888*
(EXCEPT IN U.S. PLAINTIFF CASES)

*Pro Se (VA)*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*# MCAC-C46*

### DEFENDANTS

*DOJ, ET AL*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00024
Assigned To : Leon, Richard J.
Assign. Date : 1/7/2008
Description: FOIA/Privacy Act

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
■ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZEN...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) *FOR DIVERSITY CASES ONLY!*

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

*(4)*

| □ G. Habeas Corpus/ 2255 | □ H. Employment Discrimination | ● I. FOIA/PRIVACY ACT | □ J. Student Loan |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ● 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. Labor/ERISA (non-employment) | □ L. Other Civil Rights (non-employment) | □ M. Contract | □ N. Three-Judge Court |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

_5 USC 552 - F.O.I.A_

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS    □ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** □ YES  ● NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    □ YES    □ NO    If yes, please complete related case form.

DATE _1-7-08_    SIGNATURE OF ATTORNEY OF RECORD    _NOO_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.