IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

APR **0 7** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRANDISON,        *

      Plaintiffs

                         * CIVIL ACTION NO. 08-00024 (RJL)

   v.

                         *

U.S. Department of Justice and  Executive Office for United States Attorney,

      Defendants           *

                     **********************************

## PLAINTIFF GRANDISON OPPOSITION TO THE DEFENDANTS PROPOSED SCHEDULE

      Plaintiff Anthony Grandison, proceeding pro se, in opposition to the defendants U.S. Department of Justice and  Executive Office for United States Attorney, hereby objections to the proposed schedule, and states as follows;

**Introduction:**

      Contrary to the Defendants' assertion that this action was commenced by the Plaintiff pro se on January 7, 2008, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. & 552 (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, seeking the release of any records pertaining to the Civil case, Cheryl Ann Piechowicz, et al. v. United States, No. K-86-802 that might be maintained by the Civil Division and by the Executive Office for United States Attorneys, components of the United States Department of Justice.

      Instead Plaintiff commenced action November 13, 2007 as the Court's docket entries will reflect seeking the Cheryl Ann Piechowicz, et al. v. United States, No. K-86-802 documents the Defendants Civil Division and by the Executive Office for United States

1

Attorneys, components of the United States Department of Justice have admitted on April 17, 2007 they do maintain as set forth in Plaintiff's Argument IV and V, **Plaintiff Grandison's Exhibits No. (1) and Exhibit No. (3) (One page) attached to Plaintiff's Original Complaint.**

Further once again contrary to the Defendants' assertion that on February 15, 2008, Defendants' filed their Answer to the Complaint, because the Plaintiff has not received any Answer dated February 15, 2008 from the Defendants. Instead all Plaintiff received from the Defendants was a copy of document dated February 13, 2008 titled PRECIPE requesting the Clerk's Office to the appearance of Caroline A. Smith as principal counsel for defendants in the above captioned case.

And it was Plaintiff's understanding when the Court directed on March 7, 2008 that the Defendants' file a dispositive motion or a proposed schedule to govern future proceedings by April 1, 2008. That it was the Court's intent that the Defendants Answer the complaint on April 1, 2008 not delay the proceedings for another five months which is unnecessary in light of the fact the issues before the Court are not at all complicated. Since the Defendants have previously acknowledged they have the documents in question, but nonetheless in bad faith for the sole purpose of attempting to save the federal/state prosecutions cases to continue to suppress same under the guise of the FOIA exemptions (6) and (7). **See Plaintiff Grandison's Exhibit No. (1) attached to Plaintiff's Original Complaint.** Exemptions the defendants has acknowledged in response to Plaintiff Grandison's administrative appeals did not realistically exists or protections afforded by the exemptions did not apply. **See Plaintiff Grandison's Exhibit No. (3) (One page) attached to Plaintiff's Original Complaint.**

> *I am remanding your request for a further search for responsive records, and if EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to applicable fees. You may appeal any future adverse determination made by EOUSA.*

Thus considered with that precept in mind the fact that the defendants has

2

previously acknowledged a year ago on April 17, 2007, Defendants' possessed the documents soughed **See Plaintiff Grandison's Exhibit No. (1) attached to Plaintiff's Original Complaint**, and Defendants has already concedes the exemptions don't apply and they promise a year ago they (defendants) would give the requested documents to plaintiff. **See Plaintiff Grandison's Exhibit No. (3) (One page) attached to Plaintiff's Original Complaint.** Such concession constituted an ipso facto waiver of any exemptions assuming any applied in the case sub judice in the first place.

Thus then surely the Defendants Proposed Scheduling Request is clearly unjustified a delay as Plaintiff had informed the Defendants in a letter in 2007. And being employed in an attempt to deny Plaintiff access to those documents Defendants have already conceded they possess and promise to provide plaintiff. **See Plaintiff Grandison's Exhibit No. (4) (Two pages) attached to Plaintiff's Original Complaint.**

Finally, contrary to the Defendants assertions, although the Plaintiff is proceeding pro se, that fact does not exempt the Defendants' from the duty-to-confer requirements under Local Civil Rule 16.3(b) (9). Here in the case sub judice, the Defendants has had more than ample time conference with the Plaintiff by letter or otherwise of any proposed scheduling order. Like the Defendant wrote the Plaintiff on February 13, 2008 informing him that she (Caroline A. Smith) was entering her appearance in behalf of the Defendants as principal attorney for the government in this case along with other matters related to the pending case. A scheduling order not mention however was never mention. Nonetheless, now however, Defendants' counsel has chose to attempt to rough over the Plaintiffs rights without conferring with Plaintiff, but instead to continue this case until as late as August, 12, 2008 by submitting an unnecessary Proposed Scheduling Order to file a dispositive motion for another 60 days.

WHEREFORE, the Plaintiff Grandison respectfully requests that this Honorable Court issue an extradited order denying the Defendants' Proposed Scheduling Order, and Order the Defendants to either file an Answer within seven (7) working days. Or provided the

3

plaintiff with the requested records in their unredacted version within seven (7) working days of the court's Order, without any further delay forthwith.

Respectfully, submitted

Anthony Grandison #172622, Pro se, Plaintiff

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of April, 2008, a copy of the foregoing Plaintiff Grandison, Opposition to the Defendants' Proposed Schedule was mailed first class, postage prepaid to the Defendants Attorney, Caroline A. Smith, (DC Bar #501942) Attorney-Advisor, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. (202) 514-8858

Anthony Grandison #172622, Pro se,  Plaintiffs
MCAC C-46
401 E. Madison Street
Baltimore, MD 21202

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,          *

      Plaintiffs

                        * CIVIL ACTION NO. 08-00024 (RJL)

     v.

                       *

U.S. Department of Justice and Executive Office for United States Attorney,

      Defendants          *

                  ***********************************

## ORDER

Upon consideration of Plaintiff's Opposition to the Defendants' Proposed Briefing Schedule, it is by the Court this _____ day of _____ 2008.

ORDERED that Defendants Proposed Briefing Schedule, that Defendants shall file their dispositive motion on or before May 20, 2008; plaintiff shall file his opposition and/or cross motion on or before June 17, 2008; defendant shall file their reply and/or opposition, if any, on or before July 15, 2008; and plaintiff shall file his reply, if any, on or before August 12, 2008, is HEREBY DENIED.

Instead it is ORDERED that the Defendants file any or dispositive motion within seven working days from the DATE of this ORDER, or the Defendant is ORDERED to provide Plaintiff with the documents he requested within seven (7) working days.

_____

UNITED STATES DISTRICT JUDGE