```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,              )
                                )
     Plaintiff,                 )
                                )
     v.                         )  Civil Action No. 08-00024 (RJL)
                                )
U.S. DEPARTMENT OF JUSTICE,     )
  et al.,                       )
                                )
     Defendants.                )
_____)
```

## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Defendants, by their undersigned attorneys, respectfully move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order denying discovery, including the "Plaintiffs First Set of Interrogatories" dated February 14, 2008, unless and until further ordered by the Court. In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support of Defendants' Motion for a Protective Order.

-2-

Respectfully submitted,

_____
JEFFREY A. TAYLOR
(DC Bar #498610)
United States Attorney

_____
RUDOLPH CONTRERAS
(DC Bar #434122)
Assistant United States Attorney

                         /s/
Dated:  April 23, 2008   CAROLINE A. SMITH
(DC Bar #501942)
Attorney-Advisor
Office of Information and Privacy
United States Department of Justice
1425 New York Ave., NW, Suite 11050
Washington, DC  20530-0001
(202) 514-8858

Attorneys for Defendants

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,              )
                                )
     Plaintiff,                 )
                                )
     v.                         )   Civil Action No. 08-00024 (RJL)
                                )
U.S. DEPARTMENT OF JUSTICE,     )
  et al.,                       )
                                )
     Defendants.                )
                                )
```

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

### Preliminary Statement

Plaintiff commenced this action pro se on January 7, 2008, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, seeking the release of any records pertaining to the civil case, Cheryl Ann Piechowicz, et al. v. United States, No. K-86-802 (D. Md. 1989), that might be maintained by the Civil Division and by the Executive Office for United States Attorneys (EOUSA), components of the United States Department of Justice. Defendants filed their Answer on February 15, 2008.

In accordance with the proposed briefing schedule filed by defendants on April 1, 2008, defendants' dispositive motion is due on May 20, 2008. On April 7, 2008, plaintiff filed an opposition to the proposed briefing schedule, to which defendants replied on April 11, 2008. To date, the Court has not acted upon

-2-

these filings.  By letter dated February 14, 2008, received by defendants' counsel on March 19, 2008, plaintiff served upon defendants "Plaintiffs First Set of Interrogatories," which consists of thirteen questions (copy attached as Attach. A). Pursuant to Federal Rule of Civil Procedure 26(c), defendants now move for a protective order denying plaintiff's discovery request.

### Argument

Under Federal Rule of Civil Procedure 26(c)(1), the Court "may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding inquiry into certain matters."[1]  Defendants submit that good cause for a protective order exists in this case, because plaintiff's discovery request is premature and seeks information that is not the proper subject of discovery.

I.  Plaintiff's Discovery Request Is Premature

As a general matter, discovery is the exception, not the norm, in FOIA cases.  See Heily v. U.S. Dep't of Commerce, 69 F. App'x 171, 174 (4th Cir. 2003) (per curiam) ("It is well-established that discovery may be greatly restricted in FOIA cases."); Tamayo v. U.S. Dep't of Justice, No. 07-21299, 2008 WL

---

[1] Federal Rule of Civil Procedure 26 requires a party to certify "that movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  However, in accordance with Local Civil Rule 7(m) and Local Civil Rule 16.3, defendants have not discussed this filing with the plaintiff, who is incarcerated and appearing pro se.

-3-

413963, at *2 (S.D. Fla. 2008) ("As a general rule, courts have disallowed discovery in FOIA actions or have permitted discovery, when deemed necessary, only on a limited basis."); Wheeler v. CIA, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); Judicial Watch v Exp.-Imp. Bank, 108 F. Supp. 2d 19, 25 (D.D.C. 2000) ("[D]iscovery in a FOIA action is generally inappropriate.")

In the infrequent instances where discovery is deemed appropriate, it is limited to the exploration of factual issues, such as the scope of an agency's search and its indexing and classification procedures.  See Heily, 69 F. App'x at 174 (declaring that discovery generally is "limited to the scope of the agency's search and its indexing and classification procedures"); see also, Weisburg v. U.S. Dep't of Justice, 627 F.2d 365, 371 (D.C. Cir. 1980) (finding discovery appropriate to inquire into the thoroughness of the FBI's search); Bangoura v. U.S. Dep't of Army, No. 05-0311, 2006 WL 3734164, at *6 (D.D.C. Dec. 8, 2006) (permitting limited discovery concerning the scope of the agency's search); Judicial Watch, Inc. v. U.S. Dep't of Commerce, 127 F. Supp. 2d 228, 231 (D.D.C. 2000) (allowing depositions regarding only the adequacy of the government's search); Pub. Citizen Health Research Group v. FDA, 997 F. Supp. 56, 72 (D.D.C. 1998) (holding that discovery "is to be sparingly granted in FOIA actions" and is typically confined to "investigating the scope of the agency search for responsive

-4-

documents, the agency's indexing procedures, and the like"), aff'd in part, rev'd in part & remanded on other grounds, 185 F.3d 898 (D.C. Cir. 1999); Long v. U.S. Dep't of Justice, 10 F. Supp. 2d 205, 210 (N.D.N.Y. 1998) (finding discovery appropriate to test the agency's search); Murphy v. FBI, 490 F. Supp. 1134, 1137 (D.D.C. 1980) (finding discovery permissible "when a factual issue arises concerning the adequacy or completeness of the government search and index").

Plaintiff's interrogatories do not satisfy the above-referenced standards for discovery in a FOIA action. In the instant case, plaintiff has submitted his discovery request before defendants have had the opportunity to file their dispositive motion. That motion will clarify the issues involved in this case, describe the scope of the searches conducted by the Civil Division and EOUSA, and justify the FOIA exemptions relied upon by defendants to withhold responsive records. Notably, in cases such as this one, where evidentiary proof has not yet been submitted, courts repeatedly have found that discovery is inappropriate. See, e.g., Miscaviage v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind . . . to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions."); Farese v. U.S. Dep't of Justice, No. 86-5528, 1987 U.S. App. LEXIS 1428, at *8-9 (D.C. Cir. Aug. 12,

-5-

1987) (affirming district court's decision to deny discovery filed prior to affidavits, because the discovery "sought to short-circuit the agencies' review of the voluminous amounts of documentation requested" and the "duplicative burden which would have been imposed on the government, if it had to respond to discovery requests, constituted good cause for issuance of a protective order denying discovery"); Simmons v. U.S. Dep't of Justice, 796 F.2d 709, 711-12 (4th Cir. 1986) (approving district court's decision denying discovery because the agency's affidavit filed with its summary judgment motion rendered discovery "moot"); Murphy, 490 F. Supp. at 1136 (finding plaintiff's deposition request premature because the decision whether to grant discovery is "a question of fact that can only be determined after the defendants file their dispositive motion and accompanying affidavits" and before that motion is filed, "[t]he plaintiff cannot know . . . whether discovery is necessary, he cannot know whether the government's papers and affidavits will suggest an inadequate search or factual discrepancy"). Accordingly, plaintiff's discovery request in the instant case likewise should be denied.

    II.   Plaintiff's Interrogatories Exceed the Permissible Scope of Discovery

Through his interrogatories, plaintiff is attempting to obtain information that is not the proper subject of discovery in a FOIA action. To wit, in five of his interrogatories, plaintiff

-6-

asks defendants to verify certain statements that appear in their correspondence with him. (See Attach. A, at 1-3, Interrogs. 1, 2, 3, 4, 10.) In five other interrogatories, plaintiff poses questions about matters that are either collateral or entirely irrelevant to this litigation. (See Attach. A, at 2-3, Interrogs. 7, 8, 9, 12, 13.) Specifically, plaintiff's inquiries focus on the individuals involved in and actions taken in connection with the underlying civil case that is the subject of his FOIA request. For example, he asks whether "the requested records involving the Civil Case of Piechowicz v. United States, No. K-86-802 (D. Md.) . . . [were] created during an FBI/DEA Criminal Investigation or involving a lawsuit filed against former Assistant U.S. Attorney James Savage, DEA agent John Ryan and the United States." (See Attach. A, at 2, Interrog. 7.) As this example illustrates, plaintiff's interrogatories do not pertain to the adequacy of defendants' searches or their indexing procedures, which are generally the only permissible subjects of discovery in a FOIA case. See, e.g., Heily, 69 F. App'x at 174; Weisburg, 627 F.2d at 371; Bangoura, 2006 WL 3734164, at *6.

Similarly, to the extent that plaintiff's interrogatories attempt to uncover defendants' disclosure rationale (see Attach. A, at 2, Interrogs. 5, 6, 8, 11), this line of questioning is likewise impermissible. See Ajluni v. FBI, 947 F. Supp. 599, 608 (N.D.N.Y. 1996) (determining that "plaintiff's request for procedures by which the FBI applies a particular exemption . . .

-7-

is clearly not within the permissible scope of FOIA discovery, which is generally limited to fact disputes involving the adequacy of the agency's search and index"); Murphy v. FBI, 490 F. Supp. at 1136 (stating that "discovery is limited to factual disputes . . . [and that] the thought processes of the agency in deciding to claim a particular FOIA exemption . . . are protected from disclosure").

In sum, plaintiff's request for discovery is premature at this stage in the litigation and, moreover, seeks information that is not available through discovery.  Accordingly, defendants respectfully submit that good cause exists for the issuance of a protective order denying plaintiff's discovery request.

-8-

Conclusion

For the foregoing reasons, and based upon the entire record herein, defendants respectfully submit that their motion for a protective order be granted.

Respectfully submitted,

_____
JEFFREY A. TAYLOR
(DC Bar #498610)
United States Attorney


_____
RUDOLPH CONTRERAS
(DC Bar #434122)
Assistant United States Attorney


Dated: April 23, 2008

_____/s/_____
CAROLINE A. SMITH
(DC Bar #501942)
Attorney-Advisor
Office of Information and Privacy
United States Department of Justice
1425 New York Ave., NW, Suite 11050
Washington, DC  20530-0001
(202) 514-8858

Attorneys for Defendants

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,              )
                                )
     Plaintiff,                 )
                                )
     v.                         )  Civil Action No. 08-00024 (RJL)
                                )
U.S. DEPARTMENT OF JUSTICE,     )
  et al.,                       )
                                )
     Defendants.                )
_____)
```

ORDER

Upon consideration of Defendants' Motion for a Protective Order, of all papers filed with respect thereto, and of the entire record, and it appearing to the Court that the granting of defendants' motion, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, would be just and proper, it is by the Court this _____ day of _____ 2008,

ORDERED that Defendants' Motion for a Protective Order be, and it hereby is, granted; and it is further

ORDERED that plaintiff's request for discovery, including his interrogatories dated February 14, 2008, be denied, unless and until a further Order of the Court.

                              _____
                              UNITED STATES DISTRICT JUDGE

<u>CERTIFICATE OF SERVICE</u>

  The undersigned hereby certifies that the foregoing Defendants' Motion for a Protective Order, Memorandum of Points and Authorities in Support of Defendants' Motion for a Protective Order, and proposed order were served upon plaintiff pro se by deposit of a copy thereof in the U.S. mail, postage prepaid, first class mail, addressed to:

      Mr. Anthony Grandison
      DOC ID No. 172622
      Maryland Correctional Adjustment Center
      401 East Madison Street
      Baltimore, MD  21202

on this 23rd day of April 2008.

                _____/s/_____
                CAROLINE A. SMITH

DEFENDANTS' ATTACHMENT A

Anthony Grandison #172622 Pro Se<br>
MCAC C-46<br>
401 E. Madison Street<br>
Baltimore, Md. 21202

Clerk
U.S. District Court For The
District of District of Columbia
U.S. Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re: Anthony Grandison v. <u>U.S. Department of Justice and Executive Office for United States Attorney</u>, Civil Action No. 08-00024 (RJL)(D.D.C.)

Dear Mr. Clerk:

On behalf of the plaintiffs Anthony Grandison, in the above-entitled action, please file the enclosed original and a copy of notice of service indicating that plaintiff have served upon defendants, the U.S. Department of Justice and Executive Office for United States Attorney, through their attorney Caroline A. Smith, First Set of Interrogatories served on the defendants attorney, Caroline A. Smith, Attorney-Advisor, Office of Information and Privacy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530.

Very truly yours,<br>
By:<br>
<i>[signature]</i> #172621<br>
Plaintiff Anthony Grandison #172622 Pro Se

Date February 14, 2008
2-14-2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,                     *

      Plaintiffs

                                                  * CIVIL ACTION NO. 08-00024 (RJL)

v.

                                                  *

U.S. Department of Justice and Executive Office for United States Attorney,

      Defendants                                       *

**********************************

## NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES

Plaintiff Anthony Grandison, proceeding pro se, hereby moves, pursuant to the provisions of the Local Rules, served notice that on this 19th day of February, 2008, there was mailed to the attorney, Caroline A. Smith, Attorney-Advisor, for the defendants U.S. Department of Justice and Executive Office for United States Attorney, by first-class mail, postage pre-paid, copy of this notice of service, along with a copy of the following documents:

1. Plaintiff Anthony Grandison's First Set of Interrogatories served on the defendants through their attorney, Caroline A. Smith, Attorney-Advisor.

_____
Anthony Grandison #172622 Pro Se
MCAC C-46
401 E. Madison Street
Baltimore, MD 21202

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,         *

    Plaintiffs

                                * CIVIL ACTION NO. 08-00024 (RJL)

v.

                                *

U.S. Department of Justice and Executive Office for United States Attorney,

    Defendants                *

**********************************

### PLAINTIFFS FIRST SET OF INTERROGATORIES

Plaintiff Anthony Grandison, proceeding pro se, submits the following interrogatories to the defendants U.S. Department of Justice and Executive Office for United States Attorney, pursuant to Rule 33, FRCP. You are directed to answer them in writing under oath and within 30 days of service.

**Interrogatory No. (1).** Did the defendants in the above captioned case on April 17, 2007 through Mr. James M. Kovakas, the "Attorney In Charge" FOI/PA Office, Civil Division in "FOIA Appeal" Control Number 145-FOI-9135 informed the Plaintiff Grandison that the records which are the subject of this lawsuit were in fact located. And that the defendants would not allow Plaintiff access to records pertaining to civil case entitled Piechowicz v. United States, No. K-86-802 (D. Md.) based on his reliance's on 5 U.S.C. &552 (b)(6) and (b)(7)(C).

**Interrogatory No. (2).** Did the defendants in the above captioned case on August 2, 2007 through their Associate Director, Janice Galli McLeod, advise Plaintiff Grandison in respect his appeal from Mr. James M. Kovakas, the "Attorney In Charge" FOI/PA Office, Civil Division in "FOIA Appeal" Control Number 145-FOI-9135 denial. That after carefully

1

considering his (Plaintiff Grandison) appeal, and as a result of discussions between EOUSA personnel and a member of her staff, she was remanding Plaintiff Grandison's request for another search for responsive records. And if EOUSA locates responsive records through this search, it would send any and all releasable portions of them directly to Plaintiff Grandison, subject to any applicable fees. Further, if Plaintiff consider her action to be denial of his appeal, he could seek judicial review in accordance with 5 U.S.C. & 552(a)(4)(B).

**Interrogatory No. (3).** Did the defendants and Associate Director, Janice Galli McLeod decision rendered on August 2, 2007 stating it would release the records requested by Plaintiff Grandison ipso facto invalidated the defendants and Mr. James M. Kovakas "Attorney In Charge" FOI/PA Office, Civil Division, reliance's on Exemptions 5 U.S.C. &552 (b)(6) and (b) (7) (C)?

**Interrogatory No. (4).** Did the defendants, Associate Director, Janice Galli McLeod on September 13, 2007 or thereafter receive a letter from Plaintiff Grandison, informing Janice Galli McLeod that those records had been earlier located by Mr. James M. Kovakas on April 17, 2007 the "Attorney In Charge" FOI/PA Office, Civil Division, *Control Number 145-FOI-9135*. And there was no reason to continue to delay turning over the requested records?

**Interrogatory No. (5).** Why is the defendants continuing to withhold the requested records after the Defendants decision on August 2, 2007 informing Plaintiff Grandison it intended to release the records through Associate Director, Janice Galli McLeod in deciding Grandison's appeal from Mr. James M. Kovakas decision rendered on April 17, 2007?

**Interrogatory No. (6).** Does the Defendants still seriously rely on exemptions (b)(6) and (b) (7) (C) of 5 U.S.C. &552 to deny Plaintiff Grandison access to the requested records involving Piechowicz v. United States, No. K-86-802 (D. Md.)?

**Interrogatory No. (7).** Was the requested records involving the Civil Case of Piechowicz v. United States, No. K-86-802 (D. Md.), such as depositions, interrogatories, etc. created during an FBI/DEA Criminal Investigation or involving a lawsuit filed against former Assistant U.S. Attorney James Savage, DEA agent John Ryan and the United States?

Interrogatory No. (8). Aren't the requested records involving the Civil Case of Piechowicz v. United States, No. K-86-802 (D. Md.) public court records instead of FBI/DEA investigatory records, which do not fall under exemptions (b)(6) and (b) (7) (C) of 5 U.S.C. &552, such as the depositions, interrogatories and etc., of Cheryl Piechowicz, James Savage, John Kennedy, and John Ryan?

Interrogatory No. (9). Haven't the Plaintiff Grandison provided the Defendants with Newspaper articles that established that Cheryl Piechowicz, and former Assistant U.S. Attorney, James Savage had revealed to the Public through the newspaper what they testified to during there separate depositions taken involving the Civil Case of Piechowicz v. United States, No. K-86-802 (D. Md.)?

Interrogatory No. (10). Didn't the defendants on March 22, 2007 through Mr. James M. Kovakas, Attorney in Charge, FOI/PA Unit, Civil Division, grant Plaintiff Grandison's request that the defendants expedited its review of his request pursuant to 28 CFR 16.5(d) (1)) (iii)?

Interrogatory No. (11). Does the Defendants admit that both Cheryl Ann Piechowicz has been deceased for ten years or more, and her father John Kennedy for sixteen years or more involved in the Civil Case of Piechowicz v. United States, No. K-86-802 (D. Md.)?

Interrogatory No. (12). At the time the depositions were taken by the court reports involved in the Civil Case of Piechowicz v. United States, No. K-86-802 (D. Md.), did the defendants seek a court protective order issued to have the deposition records sealed?

Interrogatory No. (13). Or did the Defendants seek a court protective order issued to have the interrogatories filed in the Civil Case of Piechowicz v. United States, No. K-86-802 (D. Md.) sealed?

                            Respectfully, submitted

                            Anthony Grandison #172622, Pro se, Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2008, a copy of the foregoing Plaintiff Grandison, First Set of Interrogatories was mailed first class, postage prepaid to the Defendants Attorney, Caroline A. Smith, (DC Bar #501942) Attorney-Advisor, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, DC 20530-0001. (202) 514-8858

*[signature]*
Anthony Grandison #172622, Pro se, Plaintiffs

4