IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED
APR 1 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRANDISON,   *

    Plaintiffs

* CIVIL ACTION NO. 08-00024 (RJL)

V.

*

U.S. Department of Justice and Executive Office for United States Attorney,

    Defendants   *

*************************************

## PLAINTIFF REPLY TO THE DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION TO THE DEFENDANTS PROPOSED SCHEDULE

    Plaintiff Anthony Grandison, proceeding pro se, after exhausting administrative remedies commenced this action in November, 2007 [1] pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. & 552 (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, seeking the release of any records pertaining to the civil case, Cheryl Ann Piechowicz, et al. v. United States, No. K-86-902 (D. Md. 1989, that are maintain by the Civil Division and by the Executive Office for United States Attorneys (EOUSA), components of the United States Department of Justice.

    According to the Defendants they filed their Answer on February 15, 2008. [2] And pursuant to an Order issued by the Court on March 7, 2008, defendants filed a proposed briefing schedule to govern future proceedings on April 1, 2008. And on April 7, 2008, plaintiff filed an opposition asserting that the defendants failed to confer with him about the proposed schedule, and that the proposed time frames would unnecessarily delay this case. For the reasons set forth herein below, plaintiff in reply states as follows;

**Argument**

1

### I. Contrary to the defendants Assertions Defendants Had A Duty to Confer with Plaintiff before Filing Their Proposed Briefing Schedule.

While the Defendants in their Response claim they own no legal duty to confer requirements and that plaintiff contention is patently wrong because according to the Defendants Local Civil Rule 7(m) provides that "the duty to confer also applies to non-incarcerated parties appearing pro se." And the logical inference to be drawn from this rule is that there is no corresponding duty to confer with incarcerated pro se plaintiffs like Mr. Grandison, who is currently serving a death row sentence for his role in two murders. Defendants further asserts in fact Local Civil Rule 16.3(b) specifically exempts parties from the duty to confer requirements set forth in Local Civil Rule 16 in "an action brought without counsel by a person in the custody of the United States, a state, or a state subdivision."

Nonetheless contrary to the defendants frivolous assertions it matters not that the plaintiff is proceeding pro se. That fact does not in any way either excuse or exempt the Defendants' from the duty to confer requirements under Local Civil Rule 16.3(b) (9)." (Pl.'s Opp'n at 3.). Since a reading of Rule 16 requires that the parties submit a jointed proposed scheduling. Federal Rules of Civil Procedure, Rule 16 Pretrial Conference Scheduling, Management reads as follows;

> (a) Pretrial Conference, objectives. In any action, the Court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as ;
> (1) Expediting the disposition of the action.
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
> (3) discouraging wasteful pretrial activities,
> (4) improving the quality of the trial through more thorough preparation, and,
> (5) Facilitating the settlement of the case.
>
> (b) Scheduling and Planning Except in category of actions exempted by district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule, shall after receiving the report from the parties

2

under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means enter a scheduling order that limits the time.
(1) to join other parties and to amend the pleadings,
(2) to file motions, and
(3) to complete discovering.

Also see subsection (c) (1),(2),(3),(4), and (5).

Those rules unambiguously makes clear that after the Court has received the scheduling order from the "parties" under Rule 26(f), *shall after consulting with the attorney for the parties and any "unrepresented parties" by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time to join other parties, and to amend the pleadings, to file motions, and to complete discovery.* Federal Rule 16 (b). Thus if the Defendants assertions were correct that they aren't required to conference with the plaintiff or even attempt to do so would give them (defendants) more power than the Court to which the rule requires the Court to consult with all parties by telephone, mail, or other suitable means. Rule 16(b). Nonetheless in the case sub judice, the defendants without even serving the plaintiff with a copy of its Answer filed on February 15, 2008 to plaintiff's Complaint has submitted a "Proposed Schedule Ordering" without consulting or conferring with plaintiff by mail, telephone or visit. Remedies readily available to the defendants had the defendants made use of those options despite plaintiff being on Maryland Death Row.

---

[1]. The Defendants asserts that the t plaintiff Complaint was not deemed filed until January 7, 2008. Such an assertions is contrary to clearly establish constitutional Federal law as established by the U.S. Supreme that actually holds a complaint of the Plaintiff/defendant is deemed file in the court once he/she places same in the institution mail box. See Houston v. Lack, 487 U.S. 266, (1988) at 275-76.

[2]. However, Plaintiff was never provided with a copy the Defendants Answer filed on February 15, 2008 despite the defendants claims in their April 11, 2008 Response to Plaintiff's Opposition Motion. All legal mail that arrives at this institution is lodged in the institution mailroom as to the date and time and from whom the legal mail was send to an inmate house in the Maryland Correctional Adjustment Center (MCAC). Plaintiff on April 15, 2008 received a copy of Defendants Answer to which the Defendants labeled on a note pad "Here Is A Second Courtesy Copy Of The Answer".

3

It is Hornbook law that each party on either side of the table ("*Plaintiff v. Defendant*") are entitle to equal consideration by the Court in respect to submitting a proposed scheduling order with the final decision being the Court's. As a result the defendants had an legal obligation to at a minimum attempt to confer with plaintiff before submitting a proposed scheduling order governing future filing dates in this case.

### Argument

### II. Defendants' Proposed Briefing Schedule Is Not Reasonable In Light of the Facts and Issues Involved in this Case.

While the defendants alleges that they have proposed May 20, 2008, as the filing deadline for their dispositive motion, which according to the defendants is only forty-nine days from the date that the schedule was filed with the Court. Such assertions neglects the fact this matter has been pending since November, 2007 and the defendants were legally required to file a Answer within 60 days of being served. Nonetheless, defendants proposed seeks five months it claims is necessary to have the Civil Division and EOUSA prepare declarations regarding the processing of plaintiff's FOIA requests. And to properly defend the merits have the Civil Division review hundreds of pages of documents responsive to plaintiff's request in order to prepare a Vaughn Index that justifies its withholding of records in this case. However, defendants assertions are merely for delay since the Civil Division had previously reviewed those documents and decided to withhold them based upon Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973) cert. denied, 415 U.S. 977, 94 S.Ct. 1564 (1974).

> A Vaughn index must: (1) identify each document withheld; (2) state the statutory exemption claimed; and (3) explain how disclosure would damage the interests protected by the claimed exemption." Citizens Commission on Human Rights v. FDA, 45 F.3d at 1326.

See Plaintiff Grandison's Exhibit No. (1) attached to his original complaint.

That Vaughn Index decision of April 17, 2007 that identified the documents withheld, stated two statutory exemption (6-b & 7-C), and explained how disclosure would

damage the interest they claimed was protected by the claimed exemption was administrative appeal and reversed. **See Plaintiff Grandison's Exhibit No. (3) (One page) attached to his original complaint.**

*Dear Grandison:*

*Your appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to certain records pertaining to a civil case entitled Piechowicz v. United States, No. K-86-802 (D. Md.). After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I am remanding your request for a further search for responsive records. If EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to any applicable fees. You may appeal any future adverse determination made by EOUSA. If you consider my action to be denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. & 552(a)(4)(B).*

Additionally, exemption (7) permits an agency to withhold "records or information" if the agency demonstrates that the material was "compiled for law enforcement purposes" and that it qualifies for exclusion under at least one of the narrowly-defined criteria in subsections (A)-(F). See 5 U.S.C. & 552(b) (7) (A)-(F); FBI v. Abramson, 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed. 2d 376 (1982); Keys v. United States Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987). Here in the case sub judice, the documents requested merely consists of **Interrogatories, depositions taken on March 30, 1987 and April 1, 1987 created in the civil proceedings in Piechowicz v. United States, 885 F.2d 1207 (4th Cir. 1989).** Thus suffice it to say is proof those documents were not created for any federal or state criminal investigation and therefore does meet the threshold requirements of either subsection (b) (6) or (b) (7) (C). As a result those documents indicate they were not compiled for law enforcement purposes and thus fail to constitute "investigatory records compiled for law enforcement" pursuant to Title 5 U.S.C. &552 (b) (6) or (b) (7) (C).

In conclusion considered with these precepts in mind, the defendants' proposed briefing schedule is totally unreasonable and unnecessary in light of the fact the

defendants knows the "Public Documents" that are not exempt under either exemption 6(b) or 7(c) . And the defendants are legally bounded by their August 2, 2007 administrative appeal decision declaring plaintiff was entitled to the documents generate in a non-governmental investigation.

    WHEREFORE, the Plaintiff Grandison respectfully requests that this Honorable Court grant the relief previously requested.

Respectfully, submitted

*/s/ Anthony Grandison* #172622

Anthony Grandison #172622

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _16_ day of _April_, 2008, a copy of the foregoing Reply to the Defendants Response dated April 11, 2008 was mailed by first class mail, postage prepaid to the .

Ms. Caroline A. Smith (DC Bar #501942)
Attorney-Advisor
U.S. Department of Justice
Office of Information and Privacy
1425 New York Ave., N.W., Suite 11050,
Washington, D.C. 20530-0001

Anthony Grandison #172622
MACA C-46
401 E. Madison Street
Baltimore, MD. 21202