IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAY 13 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRANDISON,　　　　　　＊

　　　　Plaintiffs

　　　　　　　　　　　　　　　　　　＊ CIVIL ACTION NO. 08-00024 (RJL)

v.

　　　　　　　　　　　　　　　　　　＊

U.S. Department of Justice, et al.,

　　　　Defendants　　　　　　　　　＊

**********************************

### PLAINTIFF'S MOTION COMPEL DISCOVERY

Comes now the plaintiff, Anthony Grandison proceeding pro se, and respectfully moves pursuant to the Federal Rules of Civil Procedures, Rule 33 to Compel answers to the Plaintiff's Interrogatories, and states as follows;

**I. Statement of the Case:**

The Plaintiff Grandison commenced this action pro se case in November, 2007 arises pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. & 552, and the Privacy Act, 5 U.S.C. & 552a, (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, seeking the release of any records pertaining to the civil case, Cheryl Ann Piechowicz, et. al v. United States, No. K-86-802 (D. Md. 1989), maintained by the Defendants Civil Division and by the Executive Office for United States Attorneys (EOUSA), components of the United States Department of Justice processing of plaintiff's FOIA request.

**II. Statement of Facts.**

On February 14, 2008, the Plaintiff Grandison filed his first set of Interrogatories on the defendants pursuant to Rule 33(a) of the Federal Rules of Civil

1

Procedure (hereafter) FRCP. As set forth in the plaintiff's attached affidavit, the defendants failed to response within 30 days to the total of thirteen questions, and did not make any effort to obtain an extension from the court or by contacting the plaintiff.

After almost three months, the defendants moves this Court, pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, by untimely filing for a protective order denying discovery, including the "Plaintiff's First Set of Interrogatories" dated February 14, 2008, **See (Copy attached as Attach A to defendants motion)**, unless and until further ordered by the Court. In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities in Support of Defendants' Motion for a Protective Order.

### Argument I.

### THE DEFENDANTS HAVE WAIVED THEIR OBJECTIONS BY THEIR FAILURE TO RESPOND TIMELY TO THE PLAINTIFF FIRST SET OF INTERROGATORIES.

The rules provide that responses and objections to requests for interrogatories are to be served within 30 days of the request unless the court grants a shorter or longer time. Rule 33, FRCP. The defendants, however, waited almost three months before responding by filing pursuant to Rule 26 (c) of the FRCP an untimely motion for a protective order denying discovery, including the "Plaintiff's First Set of Interrogatories" [2] dated February 14, 2008, unless and until further ordered by the Court, without obtaining or even

---

[1]. The Defendants' alleges they received the Interrogatories mailed by the Plaintiff on February 14, 2008 on March 19, 2008 is suspicious if not outright unbelievable and the defendants should be required to submitted an affidavit to support such allegations. Nonetheless even assuming arguendo such an assertions is true the defendants motion filed beyond the 30 day deadline is still untimely pursuant to Rule 33.

[2]. Federal Rules of Civil Procedure, Rule 33(a) allows a party such as the Plaintiff without leave of the court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party.

2

seeking permission from the court, or agreement from the plaintiff, for this delay.

It is well established in federal practice that "discovery objections are waived if a party fails to object timely to interrogatories, production requests, or other discovery efforts." Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 19900; accord Denary v. Uamaha Motor Corp. 125 F.R.D. 20, 22 (D. Mass. 1989) and cases cited, Krewson v. City of Quincy, 120 F.R.D. 6.7 (D. Mass 1988); Cephas v. Busch, 47 F.R.D. 371, 373 (E.D. Pa. 1969).

### Argument II.

### CONTRARY TO THE DEFENDANTS ARGUMENTS THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS AND DEFENSES THAT THE DEFENDANTS EXEMPTIONS 6 AND 7 PROTECTIVE ARGUMENTS ARE FRIVOLOUS AND A WASTE OF THE COURTS TIME.

In the instant case, the defendants cites Federal Rule of Civil Procedure 26(c)(1) alleging that good cause exist for a protective order because according to the defendants plaintiff's discovery request is premature and seeks information that is not the proper subject of discovery. An argument premises the defendants citing numerous cases either holding as a general matter, discovery is the exception, not the norm, in FOIA cases; discovery may be greatly restricted in FOIA cases; courts have disallowed discovery in FOIA actions or have permitted discovery, when deemed necessary, only on a limited basis; discovery is generally unavailable in FOIA actions; discovery in a FOIA action is generally inappropriate; or declaring that discovery generally is "limited to the scope of the agency's search and its indexing and classification procedure, finding discovery appropriate to inquire into the thoroughness of the FBI's search; permitting limited discovery concerning the scope of the agency's search; allowing depositions regarding only the adequacy of the government's search; holding that discovery is to be sparingly granted in FOIA actions and is typically confined to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like; finding discovery appropriate to test the agency's

search; and finally, finding discovery permissible when a factual issue arises concerning the adequacy or completeness of the government search and index. **Defendants' Motion for Protective Order, pg. 2-3.** As a result the defendants' argues Plaintiff's interrogatories do not satisfy the above referenced standards for discovery in a FOIA action because the plaintiff has submitted his discovery request before defendants have had the opportunity to file their dispositive motion.

These arguments of the defendants ignores that Rule 26, FRCP, permits discovery of matters 'relevant to the subject matter involved in the pending action. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *In the discovery stage, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."* Oppenhemer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978) (footnote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D.Iowa 1992). Discovery requests should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." LaChemise Lacoste v. Alligator Co. Inc., 60 F.R.D. 164, 171 (D.Del. 1973); see Nash v. Thielke, 743 F.Supp. 130 (E.D.Wis. 1990) (the plaintiff was entitled to an officer's urine test results, since the officer's so-briety during the incident was an issue in the case).

The defendants nonetheless argues plaintiff's interrogatories do not satisfy the above referenced standards for discovery in a FOIA action. Since according to the defendants, plaintiff has submitted his discovery request before defendants have had the opportunity to file their disposition motion. A motion defendants' claim will clarify the issues involved in this case, describe the scope of the searches conducted by the Civil Division and EOUSA, and justify the FOIA exemptions relied upon by defendants to withhold responsive records. **Defendants' Motion for Protective Order, pg. 4.** However, defendants argument completely ignores the fact that Federal Rules of Civil Procedure, Rule 33(a) allows a party

4

without leave of the court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party.

Here the defendants have had more than an reasonable opportunity to clarify the issues involved in the case sub judice while the matter was pending in the Civil Division and EOUSA and on two administrative appeals to justify the FOIA exemptions 6 and 7. An Administrative Appeals Division defendants representative on August 2, 2007 the exemption 6 and 7 did not apply after discussing facts stated as follows:

> *Dear Grandison:*
>
> *You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to certain records pertaining to a civil case entitled Piechowicz v. United States, No. K-86-802 (D. Md.).* ***After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I am remanding your request for a further search for responsive records. If EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to any applicable fees. You may appeal any future adverse determination made by EOUSA. If you consider my action to be denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. & 552(a)(4)(B).***
>
> **Associate Director Ms. Janice Galli McLeod**

**See Plaintiff Grandison's Exhibit No. (3) attached his original complaint.**

Thus considered with these precepts in mind, contrary to the defendants allegations made in their **Motion for Protective Order, pgs. 4-5,** the Civil Division and EOUSA have already decided there was no applicable exemptions justifying the defendants to withhold the requested documents. Hence it matters not whether or not the defendants have had an opportunity to file their dispositive motion. [3]

Accordingly, plaintiff's discovery request in the case sub judice should be

5

granted.

## ARGUMENT III.

## PLAINTIFF'S INTERROGATORIES DOES NOT EXCEED THE PERMISSIBLE SCOPE OF DISCOVERY.

The defendants erroneously argues plaintiff through his interrogatories is attempting to obtain information that is not the proper subject of discovery in a FOIA action. Since according to the defendants, five of plaintiff's interrogatories, plaintiff asks defendants to verify certain statements that appear in their correspondence with him. **(defendants' motion for protective order attach. A, 1-3, Interrogs. 1, 2,3,4, 10.) pg. 6)**; defendants argues five other interrogatories, plaintiff poses questions about matters that are either collateral or entirely irrelevant to this litigation. **(defendants' motion for protective order attach. A, 2-3, Interrogs. 7, 8, 9, 12, 13.) pg. 6**; likewise the defendants argues plaintiff interrogatories focus on the individuals involved in the actions taken in connection with the underlying civil case that is the subject of his FOIA request.

However, contrary to the defendants erroneous belated objections, plaintiff's interrogatories does in fact pertain to the adequacy of defendants' searches and their indexing procedures. Since in response to plaintiff's FOIA requests one of the defendants agencies stated the dockets no longer existed and the other saying they did but was withholding same under exemption 6 (b) and 7 (c). Had the defendants conducted the proper search they would have known the records exist, that the Administrative Appeals Division had determined "*after carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I am remanding your request for a further search for responsive records. If EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to any*

---

[3]. A motion the defendants alleges will clarify the issues involved in the case, describe the scope of the searches conducted by the Civil Division and EOUSA, and justify the FOIA exemptions relied upon by defendants to withhold responsive records.

6

**applicable fees.** Subsequently thereafter the defendants respond on the remanded the dockets no longer exists but was destroyed in accordance with their procedures.

Clearly had the defendants conducted a proper search and index they would have learned Attorney in Charge Mr. James M. Kovakas of the FOI/PA Office, Civil Division had the documents in question; that Janice Galli McLeod (Associated Director) August 2, 2007 decision ipso facto invalidated the Civil Division claims of exemption under 6 (b) and 7 (c); the depositions, interrogatories, etc., were not created pursuant to FBI/DEA criminal investigation thus those exemptions did not apply; the fact the records were created in a civil lawsuit without any of the parties thereof seeking a "Protective Order" that the records be seal from disclosure to the general public pursuant to Rule 30 (b) (4) FRCP; [4] that when former Assistant U.S. Attorney James Savage and Cheryl Ann Piechowicz publicly revealed to the Baltimore Evening Sun Newspaper the contents of their individual deposition testimony, they ipso fact waived any privacy rights assuming any existed in the first instant; that Cheryl Ann Piechowicz has been decease for more than 10 years, her father Joseph Kennedy, had been decease for more 16 years.

Thus contrary to the defendants erroneous assertions, plaintiff's Interrogatory No. 1, 2, 3, 4, 5,6,7, 8, 9, 10, 11, 12, and 13 are in fact relevant to the adequacy of the defendants search and their indexing procedure which are generally permissible subjects of discovery in a FOIA case. [5] In fact answers to those Interrogatories of the plaintiff would have proven the defendants did not conduct a proper search or indexing procedure as required by Davis v. Department of Justice, 460 F.3d 92 (CA D.C. 2006) at 97.

In conclusion each interrogatories sought by the plaintiff is relevant to the

---

[4]. FRCP Rule 30 Depositions, Rule (b) (4) "At the end of the depositions the officer shall state on the record that the deposition is complete and shall set forth any stipulations made by counsel concerning the custody of the transcript or recording and the exhibits, or concerning other pertinent matters.

[5]. Answers to the plaintiff's interrogatories would likewise be relevant to any motion for summary judgment filed by plaintiff. A motion that could legally be filed at anytime.

claims and defenses in the case sub judice for the above reasons. But nonetheless Defendants belated objections to plaintiff's Interrogatories have been waived by the defendants failure to comply with Rule 33 FRCP that required the defendants to file any objection within 30 days of being served with the Interrogatories. For these reasons the answers sought are relevant and should be answers.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court issue an extradited order granting the motion to compel discovery requiring the defendants to provided the plaintiff with answers to those Interrogatories without any further delay forthwith.

Respectfully, submitted

Anthony Grandison #172622

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12 day of May, 2008, a copy of the foregoing Motion to Compel Discover filed pursuant to Rule 33 FRCP was mailed by first class mail, postage prepaid to the.

Ms. Caroline A. Smith (DC Bar #501942)

Attorney-Advisor

U.S. Department of Justice

Office of Information and Privacy

1425 New York Ave., N.W., Suite 11050,

Washington, D.C. 20530-0001

Anthony Grandison #172622
MACA C-46
401 E. Madison Street
Baltimore, MD. 21202

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,  \*

    Plaintiffs

                                 \* CIVIL ACTION NO. 08-00024 (RJL)

v.

                                 \*

U.S. Department of Justice et al,

    Defendants                \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

Anthony Grandison, being duly sworn, deposes and says:

    1. I am the Plaintiff in this case. I make this affidavit in support of my motion to compel discovery.

    2. On February 13, 2008 the defendants attorney Caroline A. Smith advised plaintiff she had entered her appearance as the principal attorney for the government in this case, primarily responsible for conducting all aspects of the defense of the case, including preparing all written filings on behalf of the government and appearing at any hearings the judge may hold. And Rule 5 of the FRCP, required plaintiff generally that a copy of all motions, attachments and other papers or documents filed with the Court must be served on her (as the attorney for defendants) *pg. (1) letter dated February 13, 2008.* Defendants attorney further conference with plaintiff, " Your compliance with this procedure will be greatly appreciated and will prevent unnecessary delay, if you still have questions regarding the service of copies of your filings, please contact me. I am absolutely prohibited, however, from giving you legal advice or any other assistance regarding the manner in which you should litigate this case. *pg. (2) letter dated February 13, 2008.*

1

3. On February 14, 2008, I served on the defendants counsel a request for answers to 13 Interrogatories which are attached to the defendants Motion for Protective Order identified as A.

4. Defendants did not respond to this request or demand for interrogatories within 30 days of being served, nor did they request an adjournment from the court to seek my agreement to an adjournment.

5. I wrote the Defendants counsel on February 14, 2008 a cover letter concerning the in questions Interrogatories, and the defendants knew their response was due within 30 days, but nonetheless deliberately failed to respond timely even after claiming they did not receive the February 14, 2008 Interrogatories until March 19, 2008.

6. Defendant counsel did not respond to my letter of February, 2008 but instead on April 23, 2008 filed an untimely Motion for a Protective Order pursuant to Rule 26 (c) FRCP, that sought that plaintiff's request for discovery, including his interrogatories dated February 14, 2008 be denied, unless and until a further Order of the Court.

7. I wrote to defendants on February 25, 2008 in an attempt to resolve the dispute informally. Defendants refused on April 29, 2008.

8. Defendants objections are waived as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

9. Defendants objections under Federal Rule of Civil Procedure 26(c) (1) that good cause for a protective order exists in this case based upon their unsupported allegations that Plaintiff's discovery request is premature and seeks information that is not the proper subject of discovery has no merit, as set forth in the brief accompanying this motion.

10. Defendants objections under Federal Rule of Civil Procedure 26(c) (1) for a protective order based on unsupported grounds that the discovery sought will be an annoyance, embarrassment, oppression, undue burden or expense, or have no merit, as set forth in the brief accompanying this motion.

WHEREFORE, the plaintiff requests that the court grant this motion in all respects.

*Anthony Grandison #172622*

I, ANTHONY GRANDISON HEREBY AFFIRM, UNDER THE PENALTIES OF PERJURY, THAT THE CONTENTS OF THIS AFFIDAVIT ARE TRUE AND CORRECT, TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEFS.

DATED May, 12, 2008

5-12-2008

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,　　　　　　　＊

　　　Plaintiffs

　　　　　　　　　　　　　　　　＊ CIVIL ACTION NO. 08-00024 (RJL)

v.

　　　　　　　　　　　　　　　　＊

U.S. Department of Justice et al,

　　　Defendants　　　　　　　　＊

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Upon consideration of Plaintiff's Motion to Compel Discovery based upon the defendants' failure to answer the 13 interrogatories propounded by the Plaintiff, it is by the Court this _____ day of _____ 2008.

ORDERED that the Plaintiff Motion to Compel Discovery is HEREBY GRANTED. And that the Defendants shall file answers to Plaintiff's Interrogatories within seven working days from the DATE of this ORDER.

_____
UNITED STATES DISTRICT JUDGE