IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAY 2 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRANDISON,                              *

       Plaintiffs

                                    * CIVIL ACTION NO. 08-00024 (RJL)

       V.

                                   *

U.S. Department of Justice, et al.,

       Defendants                              *

                         ********************************

## PLAINTIFF'S MOTION FOR IN CAMERA REVIEW OF THE DOCUMENTS IN QUESTION IN THERE UNREDACTED VERSIONS BY THE DISTRICT COURT PURSUANT TO 5 U.S.C. & 552 (a)(4) (B) AND THE PRIVACY ACT 5 U.S.C. & 552 (a):

### I. Introduction:

       Comes now the plaintiff, Anthony Grandison proceeding pro se respectfully moves this Honorable Court pursuant to Freedom of Information Act 5 U.S.C & 552 (a) (4) (B) and Privacy Act 5 U.S.C. & 552 (a) to review In Camera the documents the Defendants has claimed an Exemption pursuant to Exemptions (6)(b) and (b)(7)(C), and states as follows;

### II. Procedural And Factual Background:

       1. In early March 2007, plaintiff filed request for Freedom of Information Act/Privacy Act Requests to the Executive Office for United States Attorneys (EOUSA) of the Department of Justice in Washington D.C. requesting copies of the records filed in the matter of Piechowicz v. United States, No. K-86-802 (D. Md.).

       2. In late March, 2007 Plaintiff had likewise filed a request for Freedom of Information Act/Privacy Act to the Office of United States Attorney for the District of

Maryland.

3. On March 22, 2007 James M. Kovakas Attorney in Charge FOI/PA unit, Civil Division of the U.S. Department of Justice in Washington D.C. informed Plaintiff Grandison that his Request for certain documents pertaining to the case <u>Cheryl Ann Piechowicz, et al. v. United States</u>, Civil No. K-86-802 had been received and assigned control number 145-FOI-9135 to plaintiff's request.

4. On April 2, 2007 that Office informed Plaintiff in accordance with the Department of Justice regulations at 28 C.F.R. & 16.3 its Office was forwarding the request to the FOIA/PA Unit in Washington, D.C. and for Grandison to make any further inquires to the Executive Office for United States Attorneys in Washington, D.C. 20530.

5. On April 17, 2007 James M. Kovakas informed Grandison that pursuant to his request a search had been conducted of the Civil Division's file of the above-referenced case and identified the documents which plaintiff Grandison requested. However, after reviewing same he had determined that these documents identify and/or contain personal information about other witnesses from plaintiff drug trafficking case, court officials, experts, attorneys and law enforcement officials connect with that matter. And that he was withholding these documents to protect the identities and information concerning these individuals pursuant to 5 U.S.C. &552 (b)(6) and (b)(7)(C). **See Plaintiff Grandison Exhibit No. (1) (Two pages) attached the Original Complaint.**

6. On May 10, 2007 Priscilla Jones, Supervisory Administrative Specialist from the U.S. Department of Justice informed Plaintiff Grandison that his administrative appeal from the action of the Civil Division in Request No. 145-FOI-9135 was received on May 8, 2007 and assigned number 07-1428 as any future correspondence with its Office. **Plaintiff Grandison Exhibit No. (2) (One page) attached the Original Complaint.**

7. On May 18, 2007 the Executive Office for United States Attorneys in response to the April 2, 2007 referral informed Plaintiff it had split his request into two separate files ("requests") for the separate districts and/or subjects mentioned in the request

letter. And assigned two separate numbers as follows;

*07-1606 Piechowicz v. U.S. (Non-public records).*

*07-1608 Piechowicz v. U.S. (specific public records) DMD*

8. On May 21, 2007 directly after plaintiff received the May 18, 2007 letter with respect to *his Request Number 07-1606* the Executive Office for United States Attorneys informed since plaintiff had not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C. & 552a. And those records were generally exempt from disclosure pursuant to sections (b)(6) and (b)(7) (C) of the Freedom of Information Act, 5 U.S.C. & 552.

9. On June 5, 2007 plaintiff appealed the decision and on June 20, 2007 the defendants representative Priscilla Jones, Supervisory Administrative Specialist of the U.S. Department of Justice acknowledged receipt on June 14, 2007 of plaintiff's administrative appeal from the Executive Office for United States Attorneys decision in Request No. 07-1606, and assigned the correspondence appeal number 07-1706.

10. On June 29, 2007 subsequent thereafter the Freedom of Information Act/Privacy Act Unit informed Grandison by letter in respect to *Request number 07-1608* as follows;

1. [ ] A search for records located in this office has revealed no records.

2. [X] A search for records located in the United States Attorney's Office(s) for the District of Maryland (DMD) has revealed no records.

3. [ ] The records which you have requested cannot be located.

4. [ ] This office is continuing its work on the other subject/districts mentioned in your request.

5. [X] This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days, to:

*Office of Information and Privacy*
*United States Department of Justice*
*Flag Building, Suite 570*
*Washington, D.C. 20530*

11. On August 2, 2007 the U.S. Department of Justice through its FOI/Privacy Act representative Associate Director, Jancie Galli McLeod informed Plaintiff;

> *After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I am remanding your request for a further search for responsive records. And if the EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to any applicable fees.* **See Plaintiff Grandison Exhibit No. (3) (One page) attached to the Original Complaint.**

12. On August 21, 2007 the U.S. Department of Justice Executive Office for United States Attorneys communicated to Plaintiff its office had received the remand and that it had been assigned number 07-2750 (Piechowicz v. U.S. (Non-public records).

13. On September 13, 2007 Plaintiff Grandison advised *the U.S. Department of Justice Executive Office for United States Attorneys* that those records had been earlier located on April 17, 2007 as acknowledged by Mr. James M. Kovakas the "Attorney In Charge" FOI/PA Office, Civil Division in **"FOIA APPEAL"** *Control Number 145-FOI-9135.* Thus its was no reason for a continue delay in turning them over. **See Plaintiff Grandison Exhibit No. (4) (Two pages) attached to the Original Complaint.**

14. On November 13, 2007 the Plaintiff Grandison commenced this action pro se in November, 2007 arises pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. &552, and the Privacy Act, 5 U.S.C. &552a, (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, seeking the release of any records pertaining to the civil case, Cheryl Ann Piechowicz, et al. v. United States, No. K-86-802 (D. Md. 1989), maintained by the Defendants Civil Division and by the Executive Office for United States Attorneys (EOUSA), components of the United States Department of Justice,

processing of plaintiff's FIOA request. Docket entries reflects on November 17, 2007 the action was received by the Court.

15. On February 13, 2008 the Defendants a document titled PRECIPE requesting the Clerk's Office to enter the appearance of Caroline A. Smith as principal counsel for defendants in the above captioned case. Along with a covering letter advising Plaintiff that she (Caroline A. Smith) would be handling every aspect of this action and any concerns were to be addressed to directly to her.

16. On February 14, 2008 Plaintiff propounded on the defendants counsel a request for answers to 13 Interrogatories.

17. On February 15, 2008, the defendants' filed an Answer to the Complaint without serving a copy on the plaintiff until April 11, 2008.

18. On February 19, 2008 the defendants by letter through its agent Janice Galli McLeod informed plaintiff that its department regrets the delay in responding to his appeal "Appeal No. 07-1428" (Request No. 145-FOI-9135 ALB:CG) from the action taken by the Executive Office for United States Attorneys (EOUSA) concerning plaintiff request for access to records pertaining to Piechowicz v. United States, Civil No. K-86-802 (D.D.C.). And that it was closing plaintiff's appeal in accordance with 28 C.F.R. & 16.9(a)(3) (2007) because it had been informed plaintiff had filed a lawsuit in the United States District Court for the District of Columbia.

19. On March 7, 2008 the Court issued an order directing the Defendants to file a dispositive motion or a proposed schedule to govern future proceedings by April 1, 2008.

20. On April 1, 2008 without consulting plaintiff, the defendants filed the "Defendants Proposed Schedule" seeking a five month scheduling order, whereas, the defendants would file their dispositive motion on or before May 20, 2008; plaintiff would file his opposition and/or cross motion on or before June 17, 2008; defendants would file their reply and/or opposition, if any, on or before August 12, 2008. Attached with a proposed

scheduling order based on defendants opinion it was highly unlikely this case would be resolved by dispositive motion.

21. On April 7, 2008 plaintiff filed an Motion in Opposition to the defendants Proposed Scheduling Order.

22. On April 11, 2008 the defendants filed a Response to Plaintiff Opposition Motion.

23. On April 16, 2008 plaintiff filed a Reply to the Defendants Response.

24 On April 23, 2008 the Defendants counsel filed an untimely Motion for a Protective Order pursuant to Rule 26 (c) FRCP, that sought that plaintiff's request for discovery, including his interrogatories dated February 14, 2008 be denied, unless and until a further Order of the Court.

25 On April 29, 2008 Plaintiff received from the defendants Civil Division an heavy redacted portions of the records of Cheryl Ann Piechowicz's deposition and answers to interrogatories propounded upon her by the Defendants. Nonetheless still maintaining the redacted portions of the records are withheld to protect the identities and personal privacy of these individuals under 5 U.S.C. 552(b)(6) and (b)(7)(C). A decision made more than a year after Plaintiff had made his request and almost one  year after Plaintiff had filed his administrative appeal from the action of the Civil Division in Request No. 145-FOI-9135.

26 On May 12, 2008 Plaintiff filed a Motion to Compel Discovery and attached Affidavit in Support thereto pursuant to.

## III. REASONS FOR IN CAMERA INSPECTION:

In the instant case, in a letter dated April 17, 2007 the Defendants through representative James M. Kovakas  the "Attorney In Charge" FOI/PA Office, Civil Division would  response to Plaintiff's FOIA request as follows;

*This letter is in response to your March 7, 2007 request, made pursuant to the Freedom of Information Act (FOIA), & 5 U.S.C. &552, for copies of certain documents pertaining to the case Cheryl Ann Piechowicz, et al  V. United States, Civil No. K-86-802. Pursuant to your request, we conducted a search of the Civil*

6

*Division's file of the above-referenced case and identified the documents which your requested. I reviewed the depositions of Cheryl Ann Piechowicz and James C. Savage as well as answer to interrogatories by John I. Kennedy, Jr., Cheryl Ann Piechowicz, and the United States. I determined that these documents identify and/or contain personal information about other witnesses from your drug trafficking case, court officials, experts, attorneys and law enforcement officials connect with that matter.[1] I am withholding these documents to protect the identifies and information concerning these individuals pursuant to 5 U.S.C. &552 (b) (6) and (b) (7) (C).*

*If you disagree with my decision to deny you access to the documents responsive to your request as outlined above, you may appeal by writing within 60 working days of the receipt of this letter to the Office of Information and Privacy Suite 570, Flag. Building, United States Department of Justice, Washington, D.C. 20530. Both the letter appealing the decision and the envelope should be clearly marked "FOIA APPEAL." Thereafter, judicial review would be available in the U.S. District Court in the district in which you reside or have your principal place of business or in the U.S. District Court for the District of Columbia.*

Since it is not possible for this reviewing court to reasonable evaluate the Defendants claims of exemptions pursuant to 5 U.S.C. &552 (b) (6) and (b) (7) (C) without an in camera review of the material documents in question in there unredacted version under the holdings of <u>Delancy Midgril & Young Chartered v. IRS</u>, 826 F.2d 124, 128 (D.C. Cir. 1989), and <u>Keys v. United States Dept of Justice</u>, 830 F.2d 337, 349 (D.C. Cir. 1987) before the court rules on the merits.

Plaintiff seeks an in camera inspection by the court of the documents in questions to establish that the Defendants claims of exemptions under 5 U.S.C. &552 (b) (6) and (b) (7) (C) either does not legally apply, or has been waived based on the following reasons.

---

[1] The Defendants knew it was completely irrelevant the depositions and interrogatories identify and/or contain personal information about other witnesses, court officials, experts, attornes and law enforcement officials connect with Plaintiff's drug trafficking case. Since those witnesses all testified in Plaintiff's federal drug case and civil rights trials as well as his state murder case in his presence for him to view and hear them do so.

1] That the Defendants knew the documents in question were not complied for law enforcement but in fact "Public Records" created in 1986 as a direct result of Cheryl Ann Piechowicz, and her family filing of a "Civil Lawsuit" against the United States along with two of its federal employees *(former Assistant U.S. Attorney James Savage, and Drug Enforcement Administration (DEA) agent John Ryan)* in the United States District Court for the District of Maryland. Facts found in Savage and Ryan's May 9, 1986 introduction to the Memorandum of Points and Authorities in support of their motion to dismiss the lawsuit filed in Piechowicz, et al vs. United States, Civil Action No. K-86-802;

> *This case involves the murders of a witness in a federal drug prosecution and an innocent bystander by the agent of the prosecuted drug dealer. The estates of the two victims are attempting to hold the federal officials involved in the prosecution of the drug dealer liable for the murders committed by the drug dealer's agent. The administrators and personal representatives of the estates of David Scott Piechowicz and Susan C. Kennedy have brought this action against Assistant United States Attorney (AUSA) James C. Savage and Special Agent John Ryan of the Drug Enforcement Administration in their individual as well as their official capacities as federal employees* ¹ *Plaintiffs' allegations arise from the prosecution of Anthony Grandison for violations of federal narcotics and firearms laws in the United States District Court for the District of Maryland. Defendant Savage is an Assistant United States Attorney in this District, and defendant Ryan is a Special Agent who at all times relevant was assigned to the Drug Enforcement Administration.*
>
> ¹. *A separate motion and memorandum have been filed on behalf of the United States and defendants Savage and Ryan in their official capacities. This motion and memorandum are directed to plaintiffs claims for the individuals personal liability in damages.*

2] That the Defendants knew Cheryl Ann Piechowicz was deposed on March 30, 1986 during a deposition proceeding, and that former Assistant U.S. Attorney, James Savage was deposed on April 1, 1986 in a deposition proceeding in the matter of *Cheryl Ann Piechowicz, et al V. United States, Civil No. K-86-802.*

3] That at no time during, or after those individual depositions of Piechowicz and Savage in

_Cheryl Ann Piechowicz, et al V. United States_, Civil No. K-86-802 did either Piechowicz, or Savage, or their attorneys seek an protective order from the United States District Court to have their testimonies sealed from being disclosed to the general public or the Plaintiff Grandison.

4] That the Defendants knew that the decease Cheryl Ann Piechowicz, and former Assistant U.S. Attorney James C. Savage directly after being deposed gave an exclusive newspaper interview to the Baltimore Evening Sun Newspaper on April 28, 1988 concerning their individual prospective depositions in the matter of _Cheryl Ann Piechowicz, et al V. United States_, _Civil No. K-86-802_.

5] That newspaper article dated April 28, 1988 containing Piechowicz and Savage's individual interviews concerning their deposition testimonies constituted widespread public disclosure and dissemination of the sought after information that has been previously disclosed.

6] The Defendants knew that Cheryl Ann Piechowicz's and her attorney during the deposition proceedings only requested concerning her testimony was that her home address be not made apart of the public record. _See Piechowicz's March 30, 1987 Deposition Page 4 lines 14-21, and Page 5, lines 1-5._

7] That the Defendants knew exemption (7) only permits an agency to withhold "records or information" if the agency demonstrates that the material was "compiled for law enforcement purposes" and that it qualifies for exclusion under at least one of the narrowly-defined criteria in subsections (A)-(F). See 5 U.S.C. & 552(b) (7) (A)-(F); FBI v. Abramson, 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed. 2d 376 (1982); Keys v. United States Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987).

8] That the Defendants knew the documents in questioned requested by the Plaintiff merely consists of "interrogatories, depositions taken on March 30, 1987 and April 1, 1987 created or generated in the civil rights lawsuit in Piechowicz v. United States, 885 F.2d 1207 (4th Cir. 1989). Thus failing to meet the threshold requirement of exemption (7) (c) to constitute

"investigatory records compiled for law enforcement" Since those depositions and interrogatories and answers clearly indicate on there face, they were not created in conjunction with any federal or state criminal investigation, or for any investigatory purposes by law enforcement. But instead for the sole purpose of the Piechowiczs/Kennedys, et al attempting to advance their lawsuit against the defendants United States, Savage, and Ryan. And those Defendants *(United States, Savage, and Ryan)* to defend themselves against.

9] That the Defendants knew Cheryl Ann Piechowicz died from a brain tumor *on February 12, 1998*, that her father John I, Kennedy Jr. died from cancer in the late '90s, and that the court reporter, John McCarthy responsible for recording and transcribing the deposition proceedings of James C. Savage, passed away from a heart attack in the early or mid '90s.

10] That the Defendants knew exemption 6(b) does not apply to decease persons who have no surviving privacy interest that would justify the withholding of documents or other information relating to them. Cordell v. Detective Publication, Inc., 419 F.2d 989 (6th Cir. 1969), and Maritote v Desilu Productions, 345 F.2d 418 (7th Cir. 1965). *(Standing for the proposition that the right to recovery for invasion of privacy is purely personal and "lapses with the death of the person who enjoyed it.)" Cordell, 419 F.2d at 990.* Likewise it has alternatively been recognized that the privacy interest in nondisclosure of identifying information may be diminished where the individual is deceased. Schrecker II, 349 F.3d at 661. See Davis v. Dep't of Justice, 460 F.3d 92 (CA D.C. 2006) at 95-97; Indeed, the fact of death, while not requiring the release of information, is a relevant factor to be taken into account in the balancing decision whether to release information. Id. (quoting Schrecker I, 254 F.3d at 166). Secondly, the FOIA Exemption 6 only allows an agency to withhold information from "personnel and medical files and similar files" where such disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. & 552(b) (6). To fall within the scope of Exemption 6, a document must first satisfy the threshold requirement of being a personnel, medical, or a "similar file." Id. The Supreme Court has clarified that

"information which applies to a particular individual" falls under the protection of Exemption 6, with the key concern being 'whether release of the information would constitute a clearly unwanted invasion of that person's privacy," rather than the nature of the files. United States Dep't of State v. Washington Post Co., 456 U.S. 595, 599, 602, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982).

11] That the Defendants knew that none of the persons that had either been deposed by depositions or who filed or answered interrogatories had not requested confidentiality, nor requested those documents *(depositions or interrogatories or answers to interrogatories)* be classified confidential information or be sealed.

12] As a direct result of the above information the Defendants through their representative associate Director Janice Galli McLeod on August 2, 2007 acknowledged the Exemptions did not apply in response to Plaintiff's administrative Appeal No. 07-17-6, from FOIA Request No. 07-1606. By stating the following ;

> *Dear Grandison:*
>
> *You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to certain records pertaining to a civil case entitled Piechowicz v. United States, No. K-86-802 (D. Md.). After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, I am remanding your request for a further search for responsive records. If EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to any applicable fees. You may appeal any future adverse determination made by EOUSA. If you consider my action to be denial of your appeal, you may seek judicial review in accordance with 5 U.S.C. & 552(a)(4)(B).*

The above evidence, the actual documents in question themselves coalesced with the administrative Appeals decision overwhelmingly establishes the documents possessed by the Defendants *(Civil Division & Executive Office for United States Attorneys (EOUSA) of the Department of Justice)* were not subject to exemption under exemption b (6) and (7) (C). Since the Defendants admitted such by stating on August 2, 2007 to wit:

11

after carefully considering Plaintiff's appeal, and as a result of discussions between EOUSA personnel and a member of their staff, she remanded Plaintiff's request for a further search for responsive records. If EOUSA locates responsive records through this search, it will send any and all releasable portions of them to Plaintiff directly, subject to any applicable fees. *See number 12 above.*

### Conclusion

In conclusion the documents requested reveals they do not fall under the umbrella of either Title 5 U.S.C. &552 exemptions (6) (b) or (7) (C) because the documents in question does not meet the threshold requirements of either subsection (b) (6) or (b) (7) (C). Disclosure will not subject the persons who gave the statements to harassment, annoyance, since this case is some 25 years old, and the statements given by these individuals or former Government employees are exculpatory evidence, and no harassment or annoyance, or unwarranted invasion of personal privacy could rises to the level that the life or physical safety of any of these former government employees witnesses *(former Assistant U.S. Attorney James Savage, former DEA Agent John F. Ryan, Kevin E. O'Connell).* Nor civilian persons like *(Cheryl Ann Piechowicz and Joseph Kennedy whom have been decease for 10 and 15 years)* to be in danger. Such assertions are no more than bare assertions without any foundation and should be rejected because the documents in question proves the person never sought a protective order or the sealing of either their prospective interrogatories or depositions from the general public or the plaintiff Grandison himself.

Considered with the above precepts in mind, an in camera review of the documents in there unredacted version is warranted by this Court to expose the fact that the Defendants claimed of exemptions are no more than a sham to cover federal/state prosecutors violations of Plaintiff and the public at large rights to a fair an impartial trial in both federal/state courts. Since the documents in question will establish the federal/state prosecutors knowingly and willfully used and suborned the perjury testimony of David Scott Piechowicz, his wife Cheryl Piechowicz, former Assistant U.S. Attorney, James Savage, DEA, Agent John Ryan, FBI, Agent Kevin E. O'Connell and others. The purpose being to

obtain Federal convictions and sentences of life plus 31 sentences, and State court convictions and the imposition of two state death sentences against the plaintiff Grandison.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court, grant the relief the Plaintiff seeks pursuant to 5 USC 552 (a)(B) and Order the Defendants to immediately turn over to this Honorable Court the FOIA material in question in its unredacted versions for an in camera inspection by the Court.

Respectfully, submitted

Anthony Grandison #172622

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  22  day of May, 2008, a copy of the foregoing  5
USC 552(a)(4)(B)  Motion for In Camera Review by the District Court and attached Order
was mailed by first class mail, postage prepaid to

Ms. Caroline A. Smith (DC Bar #501942)

Attorney-Advisor

U.S. Department of Justice

Office of Information and Privacy

1425 New York Ave., N.W., Suite 11050,

Washington, D.C. 20530-0001

Anthony Grandison #172622
MACA C-46
401 E. Madison Street
Baltimore, MD. 21202

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,                          *

       Plaintiffs

                                 * CIVIL ACTION NO. 08-00024 (RJL)

   v.

                                 *

U.S. Department of Justice, et al.,

       Defendants                          *

**ORDER**

Upon consideration of the plaintiff's Motion for this Court to review In Camera the Depositions of Cheryl Ann Piechowicz, former Assistant U.S. Attorney, James Savage: The Interrogatories/admissions of Cheryl Ann Piechowicz propounded on James Savage, John Ryan and the United States, and the answers given to those interrogatories/admissions: The Interrogatories/admissions of former Assistant U.S. Attorney, James Savage, John Ryan and the United States propounded on Cheryl Piechowicz, Joseph Kennedy, et. al, and the answers given to those Interrogatories/admissions.

The motion will be granted. And the Defendant is hereby Ordered this _____, day, of _____, 2008, to provide this Court within _____, days of this Order the documents in question in there unredacted version for an In Camera Inspection by this Court.

It is hereby **ORDERED** that the motion is granted, and that the defendant shall comply forthwith on or before, _____, _____, _____.

                              _____

                              Honorable Judge R.J. Leon
                              United States District Judge