```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,              )
                                )
     Plaintiff,                 )
                                )
     v.                         )   Civil Action No. 08-00024 (RJL)
                                )
U.S. DEPARTMENT OF JUSTICE,     )
  et al.,                       )
                                )
     Defendants.                )
                                )
```

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
"MOTION FOR IN CAMERA REVIEW OF THE DOCUMENTS IN QUESTION
IN THERE UNREDACTED VERSIONS BY THE DISTRICT COURT PURSUANT
TO 5 U.S.C. § 552(a)(4)(B) AND THE PRIVACY ACT 5 U.S.C. § 552(a)"

Preliminary Statement

Plaintiff commenced this action pro se on January 7, 2008, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, seeking the release of certain records pertaining to the civil case, Cheryl Ann Piechowicz, et al. v. United States, No. K-86-802 (D. Md. 1989), that might be maintained by the Civil Division and by the Executive Office for United States Attorneys (EOUSA), components of the United States Department of Justice.

On May 20, 2008, defendant Civil Division filed its motion for summary judgement.[1] On May 22, 2008, plaintiff filed a

---

[1] On that same date, defendant EOUSA filed a motion to vacate the briefing schedule in order to determine whether records responsive to plaintiff's FOIA request might be
(continued...)

-2-

motion requesting that the Court conduct an in camera review of the documents that the Civil Division withheld pursuant to Exemptions 6 and 7(C) of the FOIA.  For the foregoing reasons, defendants respectfully submit that plaintiff's motion should be denied.

## Argument

For the reasons discussed below, plaintiff's motion for an in camera inspection of the records is wholly inappropriate at this juncture in the case.  Although the district courts have broad discretion to conduct such a review, the law is clear that in camera inspections are the exception, not the rule.  See <u>NLRB v. Robbins Tire & Rubber Co.</u>, 437 U.S. 214, 224 (1978) (stating that "[t]he in camera review provision is discretionary by its terms, and is designed to be invoked when the issue before the District Court could not be otherwise resolved; it thus does not mandate that the documents be individually examined in every case").  The Court of Appeals for the District of Columbia Circuit has consistently held that "'in camera review is neither necessary or appropriate'" where an agency has satisfied its burden of proof through detailed affidavits.  <u>Center for Auto</u>

---

¹(...continued)
maintained at the National Archives and Records Administration. On May 22, 2008, the Court granted defendants' motion to vacate the briefing schedule and ordered EOUSA to file a status report by June 12, 2008, and a new proposed briefing schedule by June 30, 2008.

-3-

Safety v. EPA, 731 F.2d 16, 23 (D.C. Cir. 1984) (quoting Weissman v. CIA, 565 F.2d 692, 696-97 (D.C. Cir. 1977)); see also PHE, Inc. v. Dep't of Justice, 983 F.2d 248, 253 (D.C. Cir. 1992) (finding that "in camera review is generally disfavored"); Elec. Privacy Info. Ctr. v. DHS, 384 F. Supp. 2d 100, 119 (D.D.C. 2005) ("[C]ourts generally disfavor in camera inspection and it is more appropriate only in exceptional cases").  As a consequence, courts generally conduct in camera inspections as a last resort when agency affidavits are found to be insufficient. See Hayden v. NSA, 608 F.2d 1381, 1386 (D.C. Cir. 1979) (recognizing that courts give substantial weight to agency affidavits and, accordingly, conduct in camera review as a "last resort" when "the affidavits are insufficient for a responsible de novo decision").

In this case, the Civil Division's motion for summary judgment included a detailed declaration that thoroughly describes the records at issue and explains the Civil Division's rationale for withholding certain information pursuant to Exemptions 6 and 7(C).  (See Defendant Civil Division's Mot. for Summ. J., Declaration of James M. Kovakas, filed May 20, 2008.) Notably, plaintiff does not take issue with any of the facts set forth in the Civil Division's declaration nor has he identified any extenuating circumstances that might warrant in camera inspection, such as bad faith on the part of the agency.  See

-4-

Quinion v. FBI, 86 F.3d 1222, 1228 (D.C. Cir. 1996) (explaining that the court has "repeatedly noted that in camera review may be particularly appropriate when either the agency affidavits are insufficiently detailed to permit meaningful review of exemption claims or there is evidence of bad faith on the part of the agency"); see also Lam Lek Chong v. DEA, 929 F.2d 729, 735 (D.C. Cir. 1991); Carter v. Dep't of Commerce, 830 F.2d 388, 392-93 (D.C. Cir. 1987); Meeropol v. Meese, 790 F.2d 942, 958 (D.C. Cir. 1986).

Although in camera review may also be appropriate in cases where there are a small number of documents at issue or where the dispute centers on the content of the records, and not the parties interpretations of them, this is not such a case. See Carter, 830 F.2 at 392 ("[W]hen the requested documents 'are few in number and of short length,' in camera review may save time and money" (quoting Allen v. CIA, 636 F.2d 1287, 1298 (D.C. Cir. 1980))); Carter, 830 F.2d at 393 (stating that "[w]hen the dispute turns on the actual contents of the documents, in camera inspection is likely to be helpful").  The Court's resources would be unnecessarily consumed in cases such as this one where more than 100 pages of documents were withheld in full.  (See Def. Civil Division's Mot. for Summ. J., Declaration of James M. Kovakas, filed May 20, 2008, at 3-5.)  Additionally, in this case, the actual content of the records is not at issue.

-5-

Instead, plaintiff challenges the appropriateness of the exemptions, not the content of the withheld records. (See Pl.'s Mot. for In Camera Review, at 7-11.) Accordingly, in camera review would not serve to resolve this type of dispute. See Allen, 636 F.2d at 1298 (finding that in camera inspection "is not appropriate when there is no dispute between the parties as to the document's contents . . . [because] [i]nterpretation of the scope of an exemption . . . is not made any easier" by such a review).

   Here, plaintiff merely asserts that the Court should examine all the documents that were withheld by the Civil Division, because the exemptions do "not legally apply" or have been waived. (See Pl.'s Mot. for In Camera Review, at 7.) Neither of plaintiff's assertions provide a valid basis for in camera inspection. First, defendants submit that the Civil Division's declaration provides the Court with an adequate basis for adjudicating its claims of exemption and, accordingly, renders in camera review unnecessary. See Quinon, 86 F.3d at 1227 (reiterating that "'[i]f the affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted in the record, and if there is no evidence in the record of agency bad faith, then summary judgment is appropriate without in camera

-6-

review of the documents'" (quoting Hayden v. NSA, 608 F.2d 1381, 1387 (D.C. Cir. 1979))).

Second, as was explained in the Civil Division's motion for summary judgment, plaintiff's claims that exemptions were waived on the basis that certain individuals made public admissions and that the records at issue are public, are completely groundless. (See Mem. of P. & A. in Support of Def. Civil Division's Mot. for Summ. J., filed May 20, 2008, at 22-24.)  Plaintiff contends that the litigants involved in the underlying civil lawsuit, which forms the basis of his FOIA request, commented to the media about that case.  It is well established, however, that an individual's privacy interests are not eviscerated simply because he or she has made statements in a public forum.  See Kimberlin v. Dep't of Justice, 139 F.3d 944, 949 (D.C. Cir. 1998) (recognizing that a government employee who acknowledged a disciplinary investigation continued to maintain a "privacy interest . . . in avoiding disclosure of the details of the investigation, of his misconduct, and of his punishment -- and perhaps, too, an interest in preventing hitherto speculative press reports of his misconduct from receiving authoritative confirmation from an official source").  Likewise, plaintiff's unsupported contention that the withheld records are in the public domain is inadequate to demonstrate that the Civil Division has waived the use of any exemptions and does not satisfy his burden to show that these

-7-

records were part of the public domain.  See Pub. Citizen v. Dep't of State, 276 F.3d 634, 645 (D.C. Cir. 2002) ("Although it is true that under certain circumstances, previously released information 'cannot be withheld under exemption[] one,' we have made clear that 'a plaintiff asserting a claim of prior disclosure must bear the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld.'" (quoting Afshar v. Dep't of State, 702 F.2d 1125, 1129 (D.C. Cir. 1983))).   In light of the numerous responsive pages at issue and the government's submission of a detailed affidavit, in camera inspection of the responsive documents would not serve judicial economy or aid the Court in its review of the Civil Division's exemption claims.  This is all the more true because the parties have not yet fully briefed this case.  Accordingly, plaintiff's motion should be denied.

-8-

Conclusion

For the reasons set forth above, and based upon the entire record herein, defendant Civil Division respectfully submits that plaintiff's motion for in camera review should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR
(DC Bar #498610)
United States Attorney


_____
RUDOLPH CONTRERAS
(DC Bar #434122)
Assistant United States Attorney


                       /s/
_____
Dated: June 4, 2008      CAROLINE A. SMITH
(DC Bar #501942)
Attorney-Advisor
Office of Information and Privacy
United States Department of Justice
1425 New York Ave., NW, Suite 11050
Washington, DC 20530-0001
(202) 514-8858

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY GRANDISON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 08-00024 (RJL) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, <u>et al.</u>, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Upon consideration of plaintiff's "Motion for In Camera Review of the Documents in Question in There Unredacted Versions by the District Court Pursuant to 5 U.S.C. § 552(a)(4)(B) and the Privacy Act 5 U.S.C. § 552(a)", of defendants' opposition thereto, and of the entire record herein, and it appearing to the Court that the denial of plaintiff's motion would be just and proper, it is by the Court this _____ day of _____ 2008,

ORDERED that plaintiff's "Motion for In Camera Review of the Documents in Question in There Unredacted Versions by the District Court Pursuant to 5 U.S.C. § 552(a)(4)(B) and the Privacy Act 5 U.S.C. § 552(a)" be, and it hereby is, denied.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

Copies to:

| | |
|---|---|
| Mr. Anthony Grandison | Caroline A. Smith |
| DOC ID No. 172622 | Attorney-Advisor |
| Maryland Correctional | Office of Information and Privacy |
|   Adjustment Center | United States Department of Justice |
| Baltimore, MD 21202 | 1425 New York Ave., NW, Suite 11050 |
| | Washington, DC  20530-0001 |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Defendants' Opposition to Plaintiff's "Motion for In Camera Review of the Documents in Question in There Unredacted Versions by the District Court Pursuant to 5 U.S.C. § 552(a)(4)(B) and the Privacy Act 5 U.S.C. § 552(a)" was served upon plaintiff pro se by deposit of a copy thereof in the U.S. mail, postage prepaid, first class mail, addressed to:

>    Mr. Anthony Grandison
>    DOC ID No. 172622
>    Maryland Correctional Adjustment Center
>    401 East Madison Street
>    Baltimore, MD  21202

on this 4th day of June 2008.

>                                          /s/
>                              CAROLINE A. SMITH