IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 1 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRANDISON,             *

      Plaintiffs

                           * CIVIL ACTION NO. 08-00024 (RJL)

v.

U.S. Department of Justice, et al.,

      Defendants             *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT:

Comes now the plaintiff, Anthony Grandison proceeding pro se, in answer to the Defendants motion for summary judgment, and respectfully moves pursuant to the Federal Rules of Civil Procedures, Rule 56 for Cross Motion for Summary Judgment, and states as follows;

**I. Introduction:**

In March 2007, the plaintiff Grandison filed two separate but identical Freedom of Information Act (FOIA) requests pursuant to 5 U.S.C. &552 and departmental regulations *28 CFR 16. 5 (d) (1) (iii) (expedite processing)* with the U.S. Department of Justice, Executive Office United States Attorneys hereafter ("EOUSA"), and the Civil Division requesting copies of certain documents created in the civil case of *Cheryl Ann Piechowicz, et al. v. United States*, Civil No. K-86-802. Subsequently after granting expedited proceeding, the defendants representative, James M. Kovakas the "Attorney In Charge" of FOIA/PA Office, Civil Division on April 17, 2007 informed plaintiff as follows;

> *This letter is in response to your March 7, 2007 request, made pursuant to the Freedom of Information Act (FOIA), & 5 U.S.C. &552, for copies of certain documents pertaining to the case Cheryl Ann Piechowicz, et al V. United States, Civil No. K-86-802. Pursuant to your request, we conducted a search of the Civil Division's file of the above-referenced case and identified the documents which your requested. I reviewed*

1

*the depositions of Cheryl Ann Piechowicz and James C. Savage as well as answer to interrogatories by John I. Kennedy, Jr., Cheryl Ann Piechowicz, and the United States. I determined that these documents identify and/or contain personal information about other witnesses from your drug trafficking case, court officials, experts, attorneys and law enforcement officials connect with that matter. I am withholding these documents to protect the identifies and information concerning these individuals pursuant to 5 U.S.C. &552 (b) (6) and (b) (7) (C).*

In respect to the second FOIA/PA request to ("EOUSA"), Assistant Director Mr. William G. Stewart II the representative of defendants ("EOUSA") likewise on May 21, 2007 informed plaintiff its branch was withheld the documents pursuant to (b) (6) and (b) (7) (C). Hence as a result of those two decisions the plaintiff Grandison filed two timely separate administrative appeals *("April, 2007 and June, 2007")* premised on the defendants' erroneously reliance's upon exemptions (b) (6) and (b) (7) (C) of 5 U.S.C. &552 to deny his request. The defendants nonetheless failed to reach a timely decision related to the March 7, 2007 first appeal from the Civil Division defendants denial of disclosure of documents pertinent to <u>Cheryl Ann Piechowicz et. al v. United States</u>. ¹ Nonetheless with respect to plaintiff's second administrative appeal from the denial of his FOIA request by the ("EOUSA"), the administrative appeal division on August 2, 2007, Janice Galli McLeod ("Associate Director") reversed the ("EOUSA") defendants decision which consequently ipso facto reversed the Civil Division decision denying the very same documents in light of the fact there exist only one Dept. of Justice. **See Plaintiff Grandison's Exhibit (D) (McLeod's August 2, 2007 Decision).** Despite the administrative appeal division's decision, plaintiff was nevertheless informed by the ("EOUSA") that the records nolonger exist combined with the Civil Division failure to comply with 5 U.S.C. &552(a)(6)(A)(ii). Plaintiff proceeding pro se on November 13, 2007 commenced the action sub judice pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. & 552, and the Privacy Act, 5 U.S.C. & 552a, (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, seeking the release of any records maintained by the ("EOUSA"), and Civil Division pertaining to

Cheryl Ann Piechowicz, et. al v. United States, No. K-86-802 (D. Md. 1986), components of the United States Department of Justice processing of plaintiff's FOIA request.

## II. Standard of Review:

The standard of review for a motion for summary judgment is whether a genuine issue exist as to any material fact and whether the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. A fact is not material unless it "might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, the requirement is that there be no genuine issue of material fact." Id. at 247, 106 S.Ct. at 2510 (emphasis omitted).

## III. REASONS WHY THE PLAINTIFF CROSS MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED

---

[1]. In the instant case, the defendants failed to make a determination within twenty working days upon receipt of plaintiff first administrative appeal from the action of the Civil Division in Request No. 145-FOI-9135 received on May 8, 2007 and assigned number 07-1428. And likewise the second appeal received on June 14, 2007 and assigned number 07-1706 seeking the very same documents pertaining to the case of Cheryl Ann Piechowicz, et al v. United States, although that appeal was grant on August 2, 2007. Hence jurisdiction in the United States District Court is proper since plaintiff has exhausted all administrative remedies before seeking judicial review. 5 U.S.C. §552(a)(6)(A)(ii) and 43 C.F.R. §2.32 . The FOIA imposes on all agencies a twenty-day deadline to make determinations on appeals. Nkihtagmiken v. Bureau of Indian Affairs, 453 F.Supp. 2d 193 (D. Me. 2006) at 202-204. see also 5 U.S.C. §552(a)(6)(A)(ii); "Each agency shall make a determination with respect to any appeal within twenty-days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of the subsection." Id. Also see 43 C.F.R. §2.32 the language which provides; (a) The statutory time limit for responding to an appeal is twenty working days after receipt of an appeal meeting the requirements of §2.30. (c) If you have not received a decision on your appeal within twenty working days, you have the right to seek review in a District Court of the U. S. [see 5 U.S.C. 552(a)(4) and (6). In the event that the Department is unable to reach a decision within the given time limits, the FOIA Appeals Officers will notify you of the reason for the delay and the right to seek judicial review.

Argument I.

3

**No Genuine Issue Of Material Fact Exists That Decease Persons Have No Surviving Privacy Interest The Requested Documents Fail To Meet The Threshold Requirement Of Exemption (b)(6) Plaintiff Is Entitled To Judgment As A Matter Of Law.**

Although an agency under the FOIA may withhold documents responsive to a FOIA request if the responsive documents fall within one of nine enumerated statutory exemptions. See 5 U.S.C. & 552(b); Dep't of Justice v. Tax Analysis, 492 U.S. 136, 150-51, 109 S.Ct. 2841, 106 L.Ed. 2d 112 (1989). Nonetheless consistent with the Act's "goal of broad disclosure, these exemptions have been consistently given a narrow compass," Tax Analysts, 492 U.S. at 151, 109 S.Ct. 2841, and there is a "strong presumption in favor of disclosure." Dep't of State v. Ray, 502 U.S. 164, 173, 112 S.Ct. 541, 116 L.Ed. 2d 526 (1991). The agencies bears the burden of justifying any withholding, and the Court reviews the agency claims of exemption de novo. See 5 U.S.C. & 552(a)(4)(B); see also Ray, 502 U.S. at 173-74, 112 S.Ct. 541; Summers v. Dep't of Justice, 140 F.3d 1077, 1079-80 [D.C. Cir. 1998].

In the instant case, there is no genuine dispute that Cheryl Ann Piechowicz died from a brain tumor *on February 12, 1998*, that her father John I, Kennedy Jr. died from cancer in the late '90s, and that the court reporter, John McCarthy responsible for recording and transcribing the depositions of James C. Savage passed away from a heart attack in the early or mid '90s. Hence exemption 6(b) does not apply to decease persons simply because they have no surviving privacy interest that would justify the withholding of documents or other information relating to them. Cordell v. Detective Publication, Inc., 419 F.2d 989 (6th Cir. 1969), and Maritote v Desilu Productions, 345 F.2d 418 (7th Cir. 1965). *Standing for the proposition that the right to recovery for invasion of privacy is purely personal and "lapses with the death of the person who enjoyed it."* Cordell, 419 F.2d at 990. Likewise it has alternatively been recognized that the privacy interest in nondisclosure of identifying information may be diminished where the individual is deceased. Schrecker II,

349 F.3d at 661. See Davis v. Dep't of Justice, 460 F.3d 92 (CA D.C. 2006) at 95-97; Indeed, the fact of death, while not requiring the release of information, is a relevant factor to be taken into account in the balancing decision whether to release information. Id. (quoting Schrecker I. 254 F.3d at 166). [2] As a result there cannot be any genuine dispute that plaintiff is entitled to summary judgment as a matter of law and cannot be required to obtain the express authorization of any of the surviving third parties, or to provide a death certificate for the decease third parties, or a public justification for release. Since the defendants pleadings establishes the threshold requirement has not been met and cannot be met, a balancing of personal privacy interests against the public's right to disclosure favors the plaintiff's claim that exemption 6 does not apply, in light of the fact the privacy of the persons, the defendants seek to protect are deceased.

*Even Assuming The Deceased Persons Possessed Any Privacy Rights Under Exemption 6(b) They Waived Them While They Were Alive:*

The Court of Appeals in Wolf v. C.I.A. 473 F.3d 370 (C.A.D.C. 2007) at 378 held; 'Indeed when information has been 'officially acknowledged,' its disclosure maybe compelled even over an agency's otherwise valid exemption claim. quoting Fitzgibbon, 911 F.2d at 765 which held "An official acknowledgment must meet three criteria. First the information requested must be as specific as the information previously released. Second, the information requested must match the information previously disclosed---Third, the information requested must already have been made public through an official and documents disclosure. Fitzgibbon, 911 F.2d at 765.

---

[2]. Consequently, without confirmation that the Government took certain basis steps to ascertain whether an individual was dead or alive, we are unable to say whether the Government reasonably balanced the interest in personal privacy against the public interest in release of the information at issue. "Schrecker I. 254 F.3d at 167. The Government obligation in this regard is to make a reasonable effort to ascertain life status. Schrecker II, 349 F.3d at 662. Its efforts must be assessed in light of the accessibility of the relevant information. Davis v. Dep't of Justice, supra Id.

Thus the Civil Division may not claim an Exemption (6)(b) privacy interest in

the behalf of any surviving parties or decease ones. Since those persons have knowingly and willingly waived any privacy interest when those persons willingly publicly provided the identical documents in the domain of the general public on more than one occasions. For instant the decease person (Cheryl Ann Piechowicz) on March 30, 1987 was deposed by a third party who created a written deposition of Cheryl's testimony, former Assistant U.S. Attorney, James C. Savage was likewise deposed by a third party who created a written deposition of Savage's testimony, both Cheryl and Savage filed answers to interrogatories under oath, without seeking that the records be sealed from public view filed in <u>Cheryl Ann Piechowicz, et al v. United States</u>, 685 F.Supp. 486 (D. Md. 1988) (Civil Action Case No. K86-802). The Civil Division in fact submitted the deposition of Cheryl Ann Piechowicz, her Answers to Interrogatories, and John I. Kennedy, Jr's Answers to Interrogatories to the public domain as attachments to their Motion for Summary Judgment filed in the United States District Court for the District of Maryland. See <u>Cheryl Ann Piechowicz, et al v. United States</u>, supra 685 F.Supp. Id. at 498 FN28

> FN28 See Deposition of Cheryl Ann Piechowicz at pp. 49-50; Cheryl Ann Piechowicz's Answers to Interrogatories 8, 9, and 10; John I. Kennedy, Jr.'s Answers to Interrogatories 6 and 7. Each of those documents is attached as an exhibit to the Motion for Summary Judgment filed by the government in this case.

**Also see Plaintiff Grandison's Exhibit (A), (B), and (C).**

Subsequently thereafter Cheryl Ann Piechowicz and James C. Savage provided the very same identical information concerning their deposition testimony to the Baltimore Evening Sun Newspaper Reporter Kelly Gilbert on April 28, 1988 in detail. **See The Civil Division Defendants' Exhibit (G) attached to their Motion for Summary Judgment.**

Thus assuming Piechowiczes/Kennedys, and Savage legally had any privacy interest those documents cannot be withheld under exemption 6(b) simply because Piechowicz, and James Savage individually authorized the release of documents about themselves to public domain which constituted a waive of any privacy interest under FOIA. <u>Computers Prof'ls for Soc. Responsibility v. United States Secret Serv.</u>, 72 F.3d 897, 900-

01, 904-05 (D.C. Cir. 1996. As a result there is no genuine issue of material fact exist and plaintiff is entitled to summary judgment as a matter of law.

**Argument: II.**

**Since The Requested Documents Fail To Meet The Threshold Requirement Of Exemption (7) (C) 5 USC &552 No Genuine Issue As To Any Material Fact Exist That Would Establish Plaintiff Is Not Entitled To A Judgment As A Matter Of Law.**

Clearly FOIA Exemption 7(C) overlaps with Exemption 6 in that it also protects against unwarranted intrusions of personal privacy, but nonetheless Exemption 7(C) is limited to information complied for law enforcement purposes. See 5 U.S.C. & 552(b)(7)(C). Also an evaluation of an agency's claim of Exemption 7(C) requires a court to balance the implicated privacy interests against the public interest in disclosure. *Reporters Comm.*, 489 U.S. at 776, 109 S.Ct. 1468; *SafeCard Servs.* 926 F.2d at 1205. Due to the sensitive nature of law enforcement records and the greater privacy interest in such records, the burden on an agency seeking protection of Exemption 7(C) is less than it is for Exemption 6 protection, as the agency need only show a reasonable likelihood of unwarranted invasion of personal privacy. 5 U.S.C. & 552(b)(7)(C).

Exemption 7 protects "records or information compiled for law enforcement purposes" to the extent disclosure could "reasonably be expected to" cause one the harms enumerated under the subsection of the exemption. 5 U.S.C. & 552 (b) (7). The requested documents in question does not fall under the umbrella of (b) (7) (C) in light of the fact on there face indicate they were not compiled for law enforcement purposes since Grandison had already been on November 10, 1982 arrest, charge, and later indicted on November 17, 1982, for possession with the intent to distribute heroin/cocaine and a handgun violation, before David Scott Piechowicz, (Cheryl's husband), Susan C. Kennedy, (Cheryl's sister) were murdered at the Warren House Hotel on April 28, 1983. **See Plaintiff Grandison Exhibit (A) Decl. id. at 14, 15, and 16.**

The documents in question consists of propounded interrogatories, answers

to interrogatories, and depositions created on March 30, 1987 and April 1, 1987 clearly were not created in conjunction with any federal or state criminal investigation, or for any investigatory purposes by law enforcement. **See Plaintiff's Exhibit (B) (Cheryl Ann Piechowicz Partial Deposition), and Plaintiff's Exhibit (C) (James Savage's Partial Deposition)**. To the contrary the thrust of the lawsuit sought damages against former Assistant U.S. Attorney James Savage, DEA agent John Ryan, and the United States for their failure to conduct an investigation into Grandison's background in order to protect her, and her husband, and sister after Cheryl Ann Piechowicz was allegedly threaten by Janet P. Moore in the hallway of former U.S. District Court Judge Joseph Howard U.S. Courtroom on March 14, 1983. **See Plaintiff Grandison Exhibit (A) Decl. id. at 14, 15, and 16. Also see;** Cheryl Ann Piechowicz, et al v. United States, 685 F.Supp. 486 (D. Md. 1988);

> On March 13, 1986, in this civil case, a twelve-count complaint was filed by surviving family members of the two victims, namely Cheryl Piechowicz, **(FN6)** Sherrie Marie Waldrup (Sherrie), **(FN7)** John I. Kennedy, Jr. (John) **(FN8)**, and Melva Kennedy (Melva), **(FN9)** against the United States and also against Savage and Ryan in their individual capacities. **FN10)** ) id. at 685 F.Supp. 488; pg. 493,
>
> Plaintiffs allege that Savage and Ryan should have known of Grandison's record of violence, and that because of that knowledge and the information given to them by the Piechowiczes on March 14, 1983, they had a duty to protect Cheryl and David and/or to warn them of the dangers of testifying so that the Piechowiczes could have sought protection on their own. It is undisputed that the government neither offered to protect the Piechowiczes nor warned them of such danger. It is also It is also undisputed that neither David or Cheryl ever requested protection from the government. Plaintiffs, however assert that, in an attempt to lull Cheryl and David into a false sense of security, the government did not clarify the situation for them, and that Cheryl and David relied upon what plaintiffs characterizes ad "representations" by the government which were not "honest." id. at 685 F.Supp.498,
>
> Unlike Miller, however, in the instant case it is undisputed that the government never offered to protect Cheryl and David, nor did

*the Piechowiczes seek such protection. FN28 Plaintiffs themselves characterize the issue as whether the government should have warned the Piechowiczes and/or should have offered to protect them. Plaintiffs' Response to Defendant's Motion for Summary Judgment, at p.7. id. at 685 F.Supp. 498,*

Considered with those precepts in mind, those facts establishes beyond any doubt the depositions, interrogatories, and answers to interrogatories clearly indicate on there face they were not created in conjunction with any federal or state criminal investigation, or for any investigatory purposes by law enforcement. Instead those documents were solely created for the civil proceedings in Cheryl Ann Piechowicz, et al v. United States, supra 685 F.Supp. Id. at 498 FN28. Thus while exemption (7) (C) permits an agency to withhold "records or information" if the agency demonstrates that the material was "compiled for law enforcement purposes" and that it qualifies for exclusion under at least one of the narrowly-defined criteria in subsections (A)-(F). See 5 U.S.C. & 552(b) (7) (A)-(F); FBI v. Abramson, 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed. 2d 376 (1982); Keys v. United States Dept. of Justice, 830 F.2d 337, 340 (D.C. Cir. 1987). Here the evidence in the case sub judice, demonstrates it was the Civil Division defendants who submitted the attached Cheryl Ann Piechowicz's deposition, Cheryl's Answers to Interrogatories, John I. Kennedy, Jr's Answers to Interrogatories as exhibits to their Motion for Summary Judgment filed in Cheryl Ann Piechowicz, et al v. United States, 685 F.Supp. 486 (D. Md. 1988), Id. at 498 FN28. Such evidence demonstrates the documents at issue does not satisfy the threshold requirements legally required by the defendants to establishes constitute "investigatory records compiled for law enforcement" pursuant to (b) (7) (C) of Title 5 U.S.C. &552.

**Argument: III.**

    **No Genuine Issue Of Any Material Fact Exist That The Actions Of The Civil Division Ipso Facto Waived Any Exemptions And Plaintiff Is Entitled To Summary Judgment As A Matter Of Law Even Assuming Arguendo Exemptions (b) (6) or (b) (7) (C) Of 5 U.S.C. &552 Previously Existed.**

Plaintiff Grandison avers while the FBI/DEA agents along with the names of those agents and persons interviewed by them during law enforcement investigations have the right to be protected against public disclosure of their participation in law enforcement investigations pursuant to exemption (b)(7)(C). Nonetheless that confidentiality does not extend to non criminal investigation depositions proceedings filed in civil actions. Take for example in the case sub judice Exemption (7)(C) does not apply considering the fact the documents in question were created in a civil proceeding and made apart of the district court file without either party in that civil proceeding ("the Plaintiffs *"Piechowicz, et al"*, *or the defendants "James C. Savage, John Ryan, and the United States Government"*) requesting the district court to seal those records to prevent disclosure. Cheryl Ann Piechowicz, et al v. United States, supra 685 F.Supp. Id. at 498 FN28. ³

> FN28 See Deposition of Cheryl Ann Piechowicz at pp. 49-50; Cheryl Ann Piechowicz's Answers to Interrogatories 8, 9, and 10; John I. Kennedy, Jr.'s Answers to Interrogatories 6 and 7. Each of those documents is attached as an exhibit to the Motion for Summary Judgment filed by the government in this case.

**Also see Plaintiff Grandison's Exhibits (A) Id. at 3, 4, (B), and (C).**

Thus even assuming arguendo the Dep't of Justice (Civil Division) legally possessed a right to seek exemptions under subsections (b)(6) or (b)(7)(C) for documents not created pursuant to a federal or state criminal investigation, or for criminal investigatory purposes. Such failure to seek that those documents be seal from public view was equivalent to a knowingly waiver of any exemptions once those documents became apart of the general public domain readily available to anyone desiring them. Since the law in this

---

³. The records in the matter of Cheryl Ann Piechowicz, et al v. United States, Civil Actions No. K86-802, depositions of Cheryl Ann Piechowicz, former Assistant U.S. Attorney James C. Savage, interrogatories of, Cheryl Ann Piechowicz, former Assistant U.S. Attorney James C. Savage, and John I. Kennedy Jr. are store in there unredacted version in the United States District Court for the District of Maryland Archives.

area precludes an agency from withholding documents that are relevant to a FOIA request when those documents have already been disclosed to the public. See e.g. Wolf v. CIA, 473

F.3d 370, (D.C. 2007) Pub. Citizen v. Dep't of State, 276 F.3d 634, (D.C. Cir. 2002); Cottone v. Rene, 193 F.3d 550, (D.C. Cir. 1999) *("Under our public domain doctrine, materials normally immunized from disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record.)* Id. at 554 (Citing Niagara Mohawk Power Corp v. Dep't of Energy, 169 F.3d 16, 19 (D.C. Cir. 1999). The burden of proving that withheld information is already in the public domain rests with the plaintiff, who must "point to specific information in the public that appears to duplicate that being withheld. "Wolf, 473 F.3d 378. An examination of plaintiff Grandison's **Exhibits (A), (B), and (C)** establishes beyond any doubt plaintiff has met his burden of proving that the withheld documents of the very individuals identities that the Civil Division defendants seeks to protect has already been made a permanent part of the general public domain that duplicate that being withheld. Hence the defendants assertions that the witnesses, targets of the investigation, and even those mentioned incidentally in what the defendants erroneously classify as law enforcement records, face the possibility of retaliation or harassment and would suffer from an unwarranted invasion of personal privacy if the identifies were disclosed, the Piechowicz case itself illustrates the significant risks of retaliation and harassment that could reasonably result from the disclosure of the identifies of the individuals who are associated with a criminal investigation in general, and with Grandison's in particular, and finally the release of the identifies of law enforcement agents could compromise their ability to conduct future investigations or prosecutions, and subject them to intimidation and harassment. Such allegations are clearly unfounded and must not be even considered by the court.

Furthermore, those parties allowing themselves to be publicly deposed constituted an Ipso facto waiver of any protective exemptions privacy rights of the contexts of the substance their interrogatories, deposition testimony, and other documents in order for the defendants to seek nondisclosure claims under exemption (7) (C). Thus Cheryl Ann Piechowicz *(decease)* and the Civil Division by their own actions ipso facto waived any exemptions by giving exclusive interview to newspaper report Kelly Gilbert of the

"Baltimore Evening Sun Newspaper" on April 21, 1988. To which Piechowicz expose to the general public in a written newspaper article the exact contents of her deposition testimony given when being deposed on March 30, 1987 in conjunction with her lawsuit concerning the murders on April 28, 1983 of her husband and sister, alleged threats made by Janet Moore, and former Assistant U.S. Attorney James Savage, and DEA agent John Ryan failure to protect her and her husband. Piechowicz also publicly exposure on that date through the news media the exact contents of James C. Savage testimony in conjunction with the lawsuit when deposed on April 1, 1987. Likewise on April 28, 1988 the former Assistant U.S. Attorney James C. Savage through newspaper report Kelly Gilbert by publicly exposed to the general public information about what he testified to when he was deposed in conjunction with the lawsuit filed by Cheryl Ann Piechowicz, et. al against himself and the Government constitute an ipso facto waiver of any exemption rights assuming Savage possessed any in documents not created in a federal or state criminal investigation, or for criminal investigatory purposes. **See The Civil Division Defendants' Exhibit (G) attached to their Motion for Summary Judgment.**

*Court Reporters Affidavits Constitutes Ipso Facto Waivers.*

The statement by the court reporter Joseph A. Grabowski constituted an ipso fact waiver of any exemptions assuming any exist in documents created by individual members of the general public during a deposition of Cheryl Ann Piechowicz on March 30, 1987 filed in a public civil lawsuit. Since the deposition concluded by stating;

> *I, Joseph A. Grabowski, a Notary Public in and for the State of Maryland, County of Baltimore, do hereby certify that the within named Cheryl Ann Piechowicz personally appeared before me at the time and place herein set out, and after having been first duly sworn according to law, was interrogated by counsel. I further certify that the examination was recorded stenographically by me and then transcribed from my stenographic notes to the within typewritten matter in a true and accurate manner. I further certify that the stipulations contained herein were entered into by counsel in my presence. I further certify that I am not of counsel to any of the parties, nor an employee of counsel, nor related to any of the parities, nor in any way interested in the outcome of this action. As witness my hand and notarial seal this 3rd day of April, 1987.* **Plaintiff Grandison's Exhibit (B)**

Likewise the court reporter John McCrathy statement in James Savage's

deposition constitutes an ipso facto waiver by stating;

> I, John McCrathy, do hereby certify that the within named, James C. Savage, personally appeared before me at the time and place herein set out, and was interrogated by counsel. I further certify that the examination was recorded stenographically by me and this transcript is a true record of the proceedings. I further certify that the stipulation contained herein was entered into by counsel in my presence. I further certify that I am not of counsel to any of the parties, or an employee of counsel, nor related to any of the parties, nor in any way interested in the outcome of this action. As witness my hand this day of April, 1987. **Plaintiff Grandison's Exhibit (C).**

Clearly the language in those affidavits attached to Piechowicz and Savage depositions suffice as proof those documents were not gathered for any criminal investigative purposes by either FBI/DEA agents or EOUSA. Thus if any exemption exist than surely they were waived once they testified in those public forums were the general public had an opportunity to hear and see them testify, and when they communicate the contents of those depositions to the general public through the news media, and no order ever having been requested or issued sealing the contents of those depositions by a court of law upon either the plaintiffs or the defendants request, or by the United States District Court sua sponte.

**Argument IV.**

> **No Genuine Issue Of Any Material Fact Exist That The EOUSA August 2, 2007 Decision To Turnover Documents In Question Constitutes An Ipso Facto Waiver Of Exemptions (6) and (7) Even Assuming Those Exemptions Exist And That Plaintiff Is Entitled To Judgment As A Matter Of Law.**

In the instant case after having acknowledged on April 17, 2007 that its agency possessed the requested documents and the subsequent decision of Ms. Janice Galli McLeod, the Associate Director of Administrative Appeal Division, that after herself, the ("EOUSA") and McLeod's Staff conceding on August 2, 2007 the exemptions did not apply in deciding the merits of plaintiff's administrative appeal. **See Plaintiff Grandison's Exhibit (D) (McLeod Decision Dated August 2, 2007).**

After carefully considering your appeal, and as a result of discussions between

*EOUSA personnel and a member of my staff. I am remanding your request for a further search for responsive records, and if EOUSA locates responsive records through this search, it will send any and all releasable portions of them to you directly, subject to applicable fees. You may appeal any future adverse determination made by EOUSA.*

That decision reversing the initial decision of the ("EOUSA") denying disclosure constituted a decision that the files of <u>Cheryl Ann Piechowicz, et al v. United States</u> failed to meet the threshold requirements of either exemption b (6) or (b) (7) (C). Because that ruling had the effect of Ipso Facto reversing the April 17, 2007 Civil Division decision denying plaintiff's FOIA request despite the fact the Department of Justice maintains many branches. Moreover the defendants' exemptions 6 and 7(C) arguments combined with Kovakas declaration fails to disclose to the Court that the identifies they seek to protect of the individual persons, court officials, law enforcement officers, and information have already been released to the general public domain. <u>Cheryl Ann Piechowicz, et al v. United States</u>, 685 F.Supp. 486 (D. Md. 1988) Id. at 498 FN28. **Also See Plaintiff Grandison's Exhibit (A) (Grandison's Decl.), Plaintiff Grandison's Exhibit (B) (Cheryl Ann Piechowicz Partial Deposition, and Plaintiff Grandison's Exhibit (C) (James Savage Partial Deposition Testimony).** As a result the Department of Justice (Civil Division) concession constituted an ipso facto waiver of any exemptions assuming any applied in the in the first instant.

**Argument V.**

**No Genuine Issue Of Any Material Fact Exist That The Civil Division' Performance Of There Statutory Duties As A Result Plaintiff Is Entitled To Summary Judgment As A Matter Of Law:**

The general public has a constitutional right to a fair and impartial trial as the 'FOIA' recognizes a public interest bearing on an agency's performance of its statutory duties. <u>U.S. Dep't of Justice v. Reporters Committee</u>, 489 U.S. at 773, 109 S.Ct. 1468. Tools which tells the court about matters of substantive law enforcement policy that are properly

the subject of public concern. 458 U.S. 757, 768 n. 18, 109 U.S., S.Ct. 1468.

Here in the case sub judice, the information contained in the public files requested by plaintiff reveals they are essential to prove the public has been denied and deprived of its right to fairly determination a cause, i.e. to try and punish the real person, or persons who were responsible for the murders of a federal witness at the Warren House Hotel on April 28, 1983. In light of the fact those documents in question exposes federal/state prosecutors not only had knowledge of facts that two federal/state witnesses testified falsely, but likewise federal/state prosecutors had knowingly and deliberately subornated and elicited perjurious testimony from federal/state prosecution witness, Cheryl Ann Piechowicz, and former Assistant U.S. Attorney, James C. Savage, as well as fraudulently changed pretrial transcripts dates from a differently trial to fraudulently use during three public trials involving plaintiff Grandison. Thus considered with that precept in mind there cannot be a more compelling public interest when there is evidence, when an agency's such as the defendants are suppressing evidence to ensure that federal/state convictions and a State death sentences against Grandison obtained through the knowingly perjured testimony of a federal/state witness, and a former Assistant U.S. Attorney not be overturned. Documents the defendants acknowledged they have but nonetheless in bad faith for the sole purpose of attempting to save the federal/state prosecutions cases to continue to suppress same under the guise of the FOIA exemptions (6) and (7). Exemptions the defendants has acknowledged in response to plaintiff Grandison's administrative appeals did not realistically exists or the protections afforded by the exemptions did not apply. **See Plaintiff Grandison's Exhibit (D)**

Finally, the application of Exemption 7 (C) as justification for withholding the documents only requires the Court to conduct a balance of the privacy interest at stake in revealing the materials with the public interest in their release, when the defendants claiming the exemption meets its burden of establishing the documents in question were compiled for law enforcement purposes. Reporters Comm, 489 U.S. at 762, 109 S.Ct. 1468. Thus the

15

fact **Plaintiff Grandison's Exhibits (A), (B), and (C)** unequivocally demonstrates the defendants has not met its burden that the documents in question were compiled for law enforcement purposes because those "**Exhibits**" establishes the very individuals identities the Civil Division seeks to protect has been made a permanent part of the general public domain. As a result there is no valid privacy interest balance the court must make, that would require the requested documents will only be revealed where 'the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Favish, 541 U.S. at 172, 124 S.Ct. 1570.

Hence the (Civil Division) allegations are totally without ratiocination by virtue of the fact the general public has been able to readily obtain this identical information for the last twenty years or more from the Clerk's Office of the United States District Court for the District of Maryland in the matter of Cheryl Ann Piechowicz, et al v. United States, Civil Action No. K86-802. See **Plaintiff's Grandison Exhibit (A) (Plaintiff's Grandison Decl) id. at 4.** Thus it is unreasonable for the Civil Division defendants to claim that disclosing this information would be an unwarranted invasion of the privacy of those named therein of the documents plaintiff seeks. When in fact the defendants (Civil Division) coalesced with those very individual persons identities the majority named in the depositions of Cheryl Piechowicz and James Savage like Cheryl Piechowicz, her father John I. Kennedy, and the court reporter are either decease, or those named as law enforcement officers, are either no longer employed as DEA/FBI agents, or federal prosecutors, identities the defendants improperly seeks to protect from disclosure under Exemption (7) (C) have already been made apart of public domain to which the (Civil Division) totally responsible for making their identities, and testimony apart of public domain in the first place. See Cheryl Ann Piechowicz, et al v. United States, supra 685 F.Supp. Id. at 498 **FN28**

WHEREFORE, the plaintiff respectfully requests that this Honorable Court grant Plaintiff's the motion for summary judgment and issue an extradited order requiring the

defendants to provided the plaintiff with said records in the unredacted version forthwith without any further delay.

Respectfully, submitted

_____
Anthony Grandison #172622

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this /6 day of June, 2008, a copy of the foregoing Motion for Summary Judgment filed pursuant to Rule 56 was mailed by first class mail, postage prepaid to the.

Ms. Caroline A. Smith (DC Bar #501942)
Attorney-Advisor
U.S. Department of Justice
Office of Information and Privacy
1425 New York Ave., N.W., Suite 11050,
Washington, D.C. 20530-0001

Anthony Grandison #172622
MACA C-46
401 E. Madison Street
Baltimore, MD. 21202

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,                        *

    Plaintiffs

                                       * CIVIL ACTION NO. 08-00024 (RJL)

v.

                                       *

U.S. Department of Justice, et al.,

    Defendants                             *

                          ****************************

## ORDER

Upon consideration of the Plaintiff, Anthony Grandison's Motion for Summary Judgment, of all papers filed with respect thereto, and the entire records herein (Exhibits etc.,), and it appearing to the Court that the granting of the Plaintiff's motion is warranted pursuant to Rule 56 of the Fed. R. of Civ. Proc., would be just and proper in light of the fact there no genuine issue of any material fact exists and that plaintiff's is entitled to summary judgment as a matter of law. It is by the Court this _____ day of _____ 2008,

ORDERED that Plaintiff's Motion for Summary Judgment be, and it hereby is, granted; and it is further

ORDERED that the Defendants shall immediately turn over to the Plaintiff Grandison the requested records in their unredacted version forthwith.

 

                                                _____
                                                UNITED STATES DISTRICT JUDGE