IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 2 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRANDISON,     *

        Plaintiffs

                            * CIVIL ACTION NO. 08-00024 (RJL)

V.

U.S. Department of Justice, et al.,

        Defendants            *

***********************************

**REPLY TO THE DEFENDANTS' MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR IN CAMERA REVIEW OF THE DOCUMENTS IN QUESTIONS IN THERE UNREDACTED VERSIONS BY THE DISTRICT COURT PURSUANT TO 5 U.S.C. & 52 (a) (4) (B) AND THE PRIVACY ACT 5 U.S.C. & 552: (a).**

**I. Introduction:**

        Now comes the plaintiff, Anthony Grandison proceeding pro se, in reply to the Defendants Motion in Opposition to Plaintiff's Motion filed pursuant to Freedom of Information Act 5 U.S.C & 552 (a) (4) (B) and Privacy Act 5 U.S.C. & 552 (a) to review In Camera the documents the Defendants has claimed an Exemption pursuant to Exemptions (6)(b) and (b)(7)(C).

**II. Procedural And Factual Background:**

        The plaintiff Grandison adopts the procedural and factual background set forth in his original Motion for In Camera Reviewed filed on May 22, 2008 and acknowledges and amends that motion to include the Defendants filed a Motion for Summary Judgment on May 20, 2008. Plaintiff filed on June 16, 2008 an Answer to Defendants' Motion for Summary Judgment as well as a Cross Motion for Summary Judgment with a Declaration as Exhibit (A), Partial copy of Cheryl Piechowicz's March 30, 1987 Deposition Transcript as Exhibit (B), Partial copy of James C. Savage's April 1, 1987 Deposition Transcript as Exhibit (C),

and a letter from the Civil Division Appellate dated August 2, 2007 as Exhibit (D) in support of those motions.

**Argument I.**

**The Defendants Arguments In Opposition To Plaintiff's Request For In Camera That An In Camera Inspection Of The Records In Question Is Wholly Inappropriate At The Juncture In The Case Is Totally Without Merit.**

The Civil Division defendants basically relying on their May 20, 2008 motion for summary judgment which includes a declaration erroneously argues such declaration thoroughly describes the records at issue and explains the Civil Division's rational for withholding certain information pursuant to Exemption 6 and 7 (C). See Defendants Civil Division's Mot. for Summ. J., Declaration of James M. Kovakas, filed May 20, 2008 .) Likewise the defendants erroneously argues plaintiff does not take issue with any of the facts set forth in the Civil Division's declaration nor identified any extenuating circumstances that might warrant in camera inspection, such as bad faith on the part of the agency. It however must be understood at the time plaintiff filed his motion for in camera inspection, plaintiff had not been in receipt of the defendants' *("Civil Division")* motion for summary judgment and declaration.

As a result contrary to the defendants erroneous assertions, plaintiff has indeed after receiving those pleadings of the defendants filed an "Answer" to the defendants motion for summary judgment and filed his own cross motion for summary judgment which unequivocally identifies extenuating circumstances warranting an in camera inspection by the court. In light of the fact the plaintiff's Exhibit (A) (declaration), Exhibits (B) (Piechowicz deposition), Exhibit (C) (Savage's deposition), Exhibit (D) (Civil Division Appellate Division) attached to his answer and cross motion for summary judgment, coalesced with the case law involving the documents in question. See; Cheryl Ann Piechowicz, et al v. United States, 685 F.Supp. 486 (D.Md. 1988) *(Civil Action Case No. K86-802)*, id. at 685 F.Supp. 498 **FN28.** That evidence clearly demonstrates beyond any doubt defendants motion for

summary judgment reliance's upon James M. Kovakas attached declaration to invoke Exemption 6 and 7 (C) was based upon bad faith. By virtue of the fact, plaintiff Grandison's attached Exhibits (A), (B), (C), and (D) to his cross motion for summary judgment and the case of <u>Cheryl Ann Piechowicz, et al v. United States</u>, supra id. at 685 F.Supp. 498 FN28 unequivocally demonstrated the defendants has not met its burden of proof that the documents in question were compiled for law enforcement purposes as required by Exemption 6 and 7 (C). See Reporters Comm, 489 U.S. at 762, 109 S.Ct. 1468.

    Secondly, the multitudinous exhibits of plaintiff unequivocally demonstrates the Civil Division reliance's upon James M. Kovakas declaration to protect from disclosure the very individuals identities and information and documents under exemptions 6 and 7 (C) has already been made a permanent part of the general public domain ' by the actions of the defendants themselves. See <u>Cheryl Ann Piechowicz, et al v. United States</u>, 685 F.Supp. 486 (D.Md. 1988) *(Civil Action Case No. K86-802)*, id. at 685 F.Supp. 498 **FN28**.

*FN28 See Deposition of Cheryl Ann Piechowicz at pp. 49-50; Cheryl Ann Piechowicz's Answers to Interrogatories 8, 9, and 10; John I. Kennedy, Jr.'s Answers to Interrogatories 6 and 7. <u>Each of those documents is attached as an exhibit to the Motion for Summary Judgment filed by the government in this case.</u>*

    Hence considered with those precepts in mind there is absolutely no valid privacy interest at stake as a result the defendants *("Civil Division")* exemptions 6 and (7) (C) claims are totally without ratiocination by virtue of the fact the general public has been able to readily obtain this identical information for the last twenty years or more from the Clerk's Office of the United States District Court for the District of Maryland in the matter of <u>Cheryl Ann Piechowicz, et al v. United States</u>, Civil Action No. K86-802. **See Plaintiff's Grandison Exhibit (A) (Plaintiff's Grandison Decl)** id. at 4. As a result it is thus unreasonable for the Civil Division defendants to claim that disclosing this information would be an unwarranted invasion of the privacy of those named therein of the documents plaintiff seeks. When in fact the defendants *("Civil Division")* themselves have made Cheryl Ann

Piehcowicz's March 30, 1987 deposition, James C. Savage's April 1, 1987 deposition, Cheryl Ann Piechowicz's answers to interrogatories, her father John I. Kennedy's answers to interrogatories coalesced with the fact the majority of those very individual persons identities actually named in Piechowicz and Savage depositions [2] the defendants improperly seeks to protect from disclosure under Exemption 6 and (7) (C) have already been made apart of public domain to which the (Civil Division) is totally responsible for making their identities, and testimony apart of public domain in the first place. And likewise has acknowledged in response to plaintiff Grandison's administrative appeals did not realistically exists or the protections afforded by the exemptions did not apply. **See Plaintiff Grandison's Exhibit (D).**

---

[1] Although the United States Supreme Court has never directly addressed the issue of access to civil court proceedings and records. It has held, however, that public access to criminal trial proceedings is a right inherent in the First Amendment. Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603-605, 102 S.Ct. 2613, 2618-2619, 73 L.Ed. 2d 248 (1982); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 100 S.Ct. 2814, 2829, 65 L.Ed. 2d 973 (1980). And although it dealt with criminal trials, the Richmond Newspapers Court noted that historically both criminal and civil trials have been presumptively open to the public. Richmond Newspapers, Inc. v. Virginia, 448 U.S. at 580 n. 17, 100 S.Ct. at 2829 n. 17 (plurality opinion); see also Gannett Co. v. DePasuale, 443 U.S. 368, 386-387 n. 15, 99 S.Ct. 2898, 2908-2909 n. 15, 61 L.Ed. 2d 608 (1979) (in rejecting an asserted Sixth Amendment right of the public to attend criminal trials, the Supreme Court noted that at common law, both criminal and civil trials were open to the public). Furthermore, the Supreme Court has also held that court records are presumptively open to the public as well). Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed. 2d 570 (1978). Likewise the lower federal courts have applied the First Amendment analysis to civil as well as criminal proceedings. Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988); F.T.C. v. Standard Fin. Management Corp., 830 F.2d 404, 408 (1st Cir. 1987); Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1067 (3rd Cir. 1984); In Matter of Continental Illinois Sec. Litig., 732 F.2d 1302, 1308 (7th Cir. 1984); Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983), cert. denied 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed. 2d 127 (1984); Newman v. Graddick, 696 F.2d 796, 802 (11th Cir. 1983); Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982), cert denied sub. nom. Baldwin v. Joy, 460 U.S. 1051, 103 S.Ct. 1498, 75 L.Ed. 2d 930 (1983); also see State v. Cottman Transmission Sys., Inc. 75 Md.App. 647, 655, 542 A.2d 859 (1988). These cases have held that the policy reasons enunciated by the Supreme Court in support of public access to criminal proceedings apply with equal force to civil proceedings. Cottman, 75 Md. App. at 656, 542 A.2d 859.

[2]. Cheryl Piechowicz, her father, John I. Kennedy along with the court reporter who transpired Cheryl's deposition are decease. And the three of them have been decease for more than 10 years. .

Clearly plaintiff evidence demonstrates an in camera inspection by the court of the documents in questions is warranted to substantiate the Defendants claims of exemptions under 5 U.S.C. &552 (b) (6) and (b) (7) (C) either does not legally apply or clearly has been waived based on the reasons set forth in Cheryl Ann Piechowicz, et al v. United States, 685 F.Supp. 486 (D.Md. 1988) (Civil Action Case No. K86-802), id. at 685 F.Supp. 498 FN28 coalesced with Exhibits A, B.C., and D attached to plaintiff's answer to the defendants motion for summary judgment and cross motion for summary judgment.

### Conclusion

In conclusion plaintiff respectfully requests that this Honorable Court grant plaintiff's motion to review "In Camera" pursuant to Freedom of Information Act 5 U.S.C & 552 (a) (4) (B) and Privacy Act 5 U.S.C. & 552 (a) the documents in question requested in there unredacted version defendants (Civil Division) claims Exemptions under (6)(b) and (b)(7)(C). In light of the fact it is not possible for this reviewing court to reasonable evaluate the claims of exemptions pursuant to 5 U.S.C. &552 (b) (6) and (b) (7) (C) based on the declaration of James M. Kovakas offered by the defendants without an in camera review of the material documents in question in there unredacted version under the holdings of Delancy Midgril & Young Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1989), and Keys v. United States Dept. of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987) before the court rules on the merits.

Respectfully, submitted

Anthony Grandison #172622

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23 day of June, 2008, a copy of the foregoing Plaintiff Reply Motion to the Defendants' Opposition to Plaintiff's Motion for In Camera Review of the Document in Question in there Unredacted Versions by the District Court Pursuant to 5 U.S.C. & 552 (a) (4) (B) and the Privacy Act 5 U.S.C. & 552 (a) was mailed by first class mail, postage prepaid to the.

Ms. Caroline A. Smith (DC Bar #501942)
Attorney-Advisor
U.S. Department of Justice
Office of Information and Privacy
1425 New York Ave., N.W., Suite 11050,
Washington, D.C. 20530-0001

_____
Anthony Grandison #172622
MACA C-46
401 E. Madison Street
Baltimore, MD. 21202

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON, *

    Plaintiffs

* CIVIL ACTION NO. 08-00024 (RJL)

V.

*

U.S. Department of Justice, et al.,

    Defendants *

## ORDER

Upon consideration of the plaintiff's Motion for this Court to review In Camera the Depositions of Cheryl Ann Piechowicz, former Assistant U.S. Attorney, James Savage: The Interrogatories/admissions of Cheryl Ann Piechowicz propounded on James Savage, John Ryan and the United States, and the answers given to those interrogatories/admissions: The Interrogatories/admissions of former Assistant U.S. Attorney, James Savage, John Ryan and the United States propounded on Cheryl Piechowicz, Joseph Kennedy, et. al, and the answers given to those Interrogatories/admissions.

The motion will be granted. And the Defendant is hereby Ordered this _____, day, of _____, 2008, to provide this Court within _____, days of this Order the documents in question in there unredacted version for an In Camera Inspection by this Court.

It is hereby **ORDERED** that the motion is granted, and that the defendant shall comply forthwith on or before, _____, _____, _____.

                                      _____

                                      Honorable Judge R.J. Leon
                                      United States District Judge