IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

RECEIVED

JUL - 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTHONY GRANDISON,    *

    Plaintiffs

* CIVIL ACTION NO. 08-00024 (RJL)

V.

    *

U.S. Department of Justice, et al.,

    Defendants    *

***********************************

## PLAINTIFF GRANDISON'S MOTION FOR SUMMARY JUDGMENT AGAINST THE EXECUTIVE OFFICE OF UNITEDS STATES ATTORNEYS.

Now comes the plaintiff Anthony Grandison proceeding pro se, respectfully moves this Honorable Court pursuant to Federal Rules of Civil Procedure, Rule 56 for Summary Judgement against the Executive Office of United States Attorneys defendants, and states as follows;

**1. Introduction:**

In March 2007, the plaintiff Grandison filed two separate but identical Freedom of Information Act (FOIA) requests pursuant to 5 U.S.C. &552 and departmental regulations *28 CFR 16. 5 (d) (1) (iii) (expedite processing)* with the U.S. Department of Justice, Executive Office United States Attorneys hereafter ("EOUSA"), and the Civil Division requesting copies of certain documents created in the civil case of *Cheryl Ann Piechowicz, et al. v. United States*, Civil No. K-86-802.

In respect to plaintiff's FOIA/PA request to ("EOUSA"), Assistant Director Mr. William G. Stewart II the representative of defendants ("EOUSA") likewise on May 21, 2007

1

informed plaintiff its branch was withheld the documents pursuant to (b) (6) and (b) (7) (C). Hence as a result of that decisions the plaintiff Grandison filed a timely administrative appeals *(June, 2007")* premised on the defendants' erroneously reliance's upon exemptions (b) (6) and (b) (7) (C) of 5 U.S.C. &552 to deny his request. The defendants failed to reach a timely decision related to the plaintiff's administrative appeal from the denial of his FOIA request by the ("EOUSA"). [1] Nonetheless the administrative appeal division on August 2, 2007, Janice Galli McLeod ("Associate Director") reversed the ("EOUSA") defendants decision denial of disclosure of documents pertinent to <u>Cheryl Ann Piechowicz et. al v. United States</u>. **See Plaintiff Grandison's Exhibit (D) (McLeod's August 2, 2007 Decision) Attached to Plaintiff's Cross Motion for Summary Judgment.** Despite the administrative appeal division's decision, plaintiff was nevertheless informed by the ("EOUSA") that the records nolonger exist.

On November 13, 2007 proceeding pro se plaintiff commenced the action sub judice pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. & 552, and the

---

[1]. In the instant case, the defendants failed to make a determination within twenty working days upon receipt of plaintiff first administrative appeal from the action of the Civil Division in Request No. 145-FOI-9135 received on May 8, 2007 and assigned number 07-1428. And likewise the second appeal received on June 14, 2007 and assigned number 07-1706 seeking the very same documents pertaining to the case of <u>Cheryl Ann Piechowicz, et al v. United States</u>, although that appeal was grant on August 2, 2007. Hence jurisdiction in the United States District Court is proper since plaintiff has exhausted all administrative remedies before seeking judicial review. 5 U.S.C. &552(a)(6)(A)(ii) and 43 C.F.R. &2.32. The FOIA imposes on all agencies a twenty-day deadline to make determinations on appeals. <u>Nkihtagmiken v. Bureau of Indian Affairs</u>, 453 F.Supp. 2d 193 (D. Me. 2006) at 202-204. see also 5 U.S.C. &552(a)(6)(A)(ii); "Each agency shall make a determination with respect to any appeal within twenty-days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of the subsection." Id. Also see 43 C.F.R. &2.32 the language which provides; (a) The statutory time limit for responding to an appeal is twenty working days after receipt of an appeal meeting the requirements of &2.30. (c) If you have not received a decision on your appeal within twenty working days, you have the right to seek review in a District Court of the U. S. [see 5 U.S.C. 552(a)(4) and (6). In the event that the Department is unable to reach a decision within the given time limits, the FOIA Appeals Officers will notify you of the reason for the delay and the right to seek judicial review.

Privacy Act, 5 U.S.C. & 552a, (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, seeking the release of any records maintained by both the ("EOUSA"), and Civil Division pertaining to Cheryl Ann Piechowicz, et. al v. United States, No. K-86-802 (D. Md. 1986), components of the United States Department of Justice processing of plaintiff's FOIA request.

## II. Standard of Review:

The standard of review for a motion for summary judgment is whether a genuine issue exist as to any material fact and whether the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. A fact is not material unless it "might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, the requirement is that there be no genuine issue of material fact. "Id. at 247, 106 S.Ct. at 2510 (emphasis omitted).

Under Federal Rule of Civil Procedure 56(c), a court must grant judgment when the evidence in the record demonstrates that there are no disputed issues of material fact and that the moving party is entitled to judgment on the undisputed facts as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the evidence, when viewed in light most favorable to the non-moving party, "is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, a party must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the moving party. Id. at 252, 106 S.Ct. 2505. And in the United States District Court for the District of Columbia, a party opposing a motion for summary judgment must also comply with Local Rule LCvR 7.1(h), which provides in relevant part;

> An opposition to ... a motion (for summary judgment) shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which

shall include references to the parts of the record relied on to support the statement.... In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

If the party opposing the motion fails to comply with this local rule, then "the district court is under no obligation to sift through the record" and should "[i]nstead ... deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR 7.1[h] statement. "Jackson, 101 F.3d at 154.

### III. REASONS WHY THE PLAINTIFF MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED.

In the instant case, the plaintiff simultaneously in a single petition pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. & 552, and the Privacy Act, 5 U.S.C. & 552a, (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, commenced this action against the Justice Department and two of its subdivisions (Executive Office of United States Attorneys hereafter ("EOUSA") & Civil Division) seeking the release of any records maintained by the EOUSA&Civil Division pertaining to Cheryl Ann Piechowicz, et. al v. United States, No. K-86-802 (D. Md. 1986), components of the United States Department of Justice processing of plaintiff's FOIA request. Nonetheless, through counsel the EOUSA defendants continues to seek to bifurcate this single lawsuit pending before this Honorable Court since November 13, 2007 by filing motions proposed scheduling order. That moving to vacate such order to subsequently thereafter seek another order for a new scheduling order.

In light of the fact plaintiff has previously filed a Cross Motion of Summary Judgment attached with a Statement of Material Facts As To Which There Is No Genuine Issue Pursuant To Local Rule 7 (h) and Exhibits against the Civil Division of the Justice Dep't. Instead of reiterating those arguments previously made in writing plaintiff adopts and incorporates by reference those arguments and Exhibits attached thereto to be applied in

4

plaintiff's current motion for summary judgment against EOUSA defendants.

Exhibits (A), (B), (C) and (D) attached to plaintiff Grandison's cross motion for summary judgment combined with the case of Cheryl Ann Piechowicz, et al v. United States, 685 F.Supp. at 498 **FN28** unequivocally demonstrates there is no genuine legal dispute that the EOUSA defendants has not met its burden that the documents in question were compiled for law enforcement purposes. Further that those "Exhibits" and Cheryl Ann Piechowicz, et al v. United States, 685 F.Supp. at 498 **FN28** establishes beyond any doubt that the very identities of the individuals persons the EOUSA now seeks to protect has previously been made a permanent part of the general public domain by the Justice Dep't (Civil Division) defendants, as well as the individuals plaintiffs who filed the lawsuit in Cheryl Ann Piechowicz, et al v. United States, 685 F.Supp. at 498 **FN28**. Hence it is therefore unreasonable for the EOUSA defendants to seeks to protect from disclosure under Exemptions 6 and (7) (C) and claim that disclosing this information would be an unwarranted invasion of the privacy of those named therein of the documents plaintiff seeks. When it was the Justice Dep't (Civil Division defendants) as defendants in that lawsuit along with the plaintiffs that were responsible for making the multiple parties identities coalesced with the information of the multiple individual persons apart of public domain in the first place. See Exhibits A,B,C, and D attached to plaintiff's Cross Motion for Summary Judgment and Cheryl Ann Piechowicz, et al v. United States, supra 685 F.Supp. at 498 **FN28**. Also see; Cottone v. Reno, 193 F.3d 550, (D.C. 1999) whereas, the United States D.C. Court of Appeals held;

> Under the public domain doctrine, records which otherwise may be exempt from dislcosure under FOIA "lose their protective cloak once disclosed and preserved in a permanent public record. Where information requested truly public, then enforcement of an exemption cannot fulfill its purposes. Id. (quoting Niagara Mohawk Power Corp. v. U.S. Dep't of Energy, 169 F.3d 18, 19 (D.C. Cir. 1999). A plaintiff who seeks to disclosure of such records bears "the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld. Afshar v. Dep't of State, 702 F/2d 1125, 1130 (D.C. Cir. 1983; Davis v. U.S. Dep't of Justice, 968 F2d. 1276,

5

1280 (D.C. Cir. 1992) (plaintiff must "point to specific information identical to that being withheld. 'Once the FOIA requester has carried his burden of preduction, it is up to the government, if it so chooses, to rebut the plaintiff's proof by demonstrating that the specific tapes or records identified have since been destroyed, placed under seal, or otherwise removed from the public domain. The FBI, however, has made no such showing here. Nothing in the record suggests that the government, either during or after Cottone's trial, moved to place under seal the tapes that it played in court. Nor is there any indication that the tapes Cottone has identified have since been destroyed. Cottone v. Reno, supra 193 F2d at 554-55.

Thus considered with those precepts in mind, an examination of plaintiff's Cross Summary Judgment arguments with attached Exhibits A,B,C, coupled with the facts set forth in Cheryl Ann Piechowicz, et al v. United States, supra 685 F.Supp. at 498 **FN28** clearly points to specific records, document or information that is identical to that withheld by the EOUSA defendants. Hence the EOUSA defendants are totally without any legal authority claim either exemption 6 or 7 (C) since those identical documents and information are apart of the public domain readily available to the general public for the last twenty years in the Clerk's Office of the United States District Court for the District of Maryland. Cheryl Ann Piechowicz, et al v. United States, supra 685 F.Supp. at 498 **FN28** (Civil Action No. K86-802).

WHEREFORE, there is no genuine dispute as to any material fact that plaintiff has made a showing from which the Court can conclude with a degree of confidence that the information sought from the EOUSA defendants has been in the public domain for more than twenty (20) years. Hence the plaintiff respectfully requests that this Honorable Court grant plaintiff's Motion for Summary Judgment sub judice based upon the facts set forth in his Cross Summary Judgment Motion, attached Exhibits, and Cheryl Ann Piechowicz, et al v. United States, supra 685 F.Supp. at 498 **FN28**.

Respectfully, submitted

/s/ Anthony Grandison #172622

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7 day of July, 2008, a copy of the foregoing Motion for Summary Judgment filed pursuant to Rule 56 against the EOUSA was mailed by first class mail, postage prepaid to the.

Ms. Caroline A. Smith (DC Bar #501942)
Attorney-Advisor
U.S. Department of Justice
Office of Information and Privacy
1425 New York Ave., N.W., Suite 11050,
Washington, D.C. 20530-0001

Anthony Grandison #172622
MACA C-46
401 E. Madison Street
Baltimore, MD. 21202

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,         *

    Plaintiffs

                           * CIVIL ACTION NO. 08-00024 (RJL)

V.

                           *

U.S. Department of Justice, et al.,

    Defendants         *

**********************************

### ORDER

Upon consideration of the Plaintiff, Anthony Grandison's Motion for Summary Judgment, of all papers filed with respect thereto, and of the entire records herein submitted either by the plaintiff, and the (EOUSA) defendants, and it appearing to the Court that the granting of the Plaintiff's motion, pursuant to Rule 56 of the Federal Rules. of Civil Procedure, would be just and proper, in light of the fact there exist no genuine issue of any material fact, and that plaintiff's is entitled to Summary Judgment as a matter of law. It is by the Court this _____ day of _____ 2008,

ORDERED that Plaintiff's Motion for Summary Judgment be, and it hereby is, granted; and it is further

ORDERED that the Defendants shall immediately turn over to the Plaintiff Grandison the requested records in their unredacted version forthwith without any further delay.

 

_____
UNITED STATES DISTRICT JUDGE