```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

ANTHONY GRANDISON,              )
                                )
     Plaintiff,                 )
                                )
     v.                         )   Civil Action No. 08-00024 (RJL)
                                )
U.S. DEPARTMENT OF JUSTICE,     )
  et al.,                       )
                                )
     Defendants.                )
_____)
```

### SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT CIVIL DIVISION'S MOTION FOR SUMMARY JUDGMENT

On August 13, 2008, two years after the submission of his FOIA request that is the basis of this litigation, plaintiff for the first time submitted to defendant proof that John I. Kennedy, Jr., one of the individuals mentioned in the records at issue, was deceased.[1] (See "Pl.'s Reply to the Civil Division Defendants' Opp'n to 'Pl.'s Cross Mot. For Summ. J.' and Reply in Further Support of Civil Division Defendants' Mot. for Summ J.", at 9-11.) Specifically, plaintiff filed a transcript from his own sentencing hearing which provided details about John Kennedy, and a copy of Kennedy's obituary. (See id., Exs. E-2, E-3, E-4, F-1, F-2.) The Civil Division has determined that, in toto, these documents constitute sufficient proof of Kennedy's death.[2]

---

[1] Plaintiff has asserted in previous filings that John I. Kennedy, Jr. was deceased, but has never provided proof of his death.

[2] When conducting its Internet search to ascertain the life status of certain persons, the Civil Division mistakenly used
(continued...)

-2-

(See Third Declaration of James M. Kovakas [hereinafter Third Kovakas Decl.], filed herewith, ¶ 3.)  Because proof of Kennedy's death alters the privacy interests with respect to the documents in this case that pertain to Kennedy, defendant Civil Division has conducted another review of the records responsive to plaintiff's FOIA request and determined that additional information is now appropriate for release.  (See Third Kovakas Decl. ¶¶ 3-4.)  Specifically, the Civil Division will soon release four pages in full and fourteen pages in part with excisions made pursuant to Exemptions 6 and 7(C) of the FOIA, 5 U.S.C. § 552(b)(6), (b)(7)(C) to protect the privacy interests of "witnesses, law enforcement officials, other subjects of the investigation, court personnel, experts, and attorneys involved in the criminal law enforcement investigation as well as the related tort litigation."[3]  (Id. ¶ 4.)  These excisions have been described in declaration filed with the Civil Division's motion

---

[2](...continued)
"Joseph I. Kennedy, Jr.," rather than "John I. Kennedy, Jr.," as a search term.  However, because John Kennedy is also a common name, a search using the proper name, absent the identifying details that plaintiff now has provided, would likely have also proved inconclusive.  Additionally, plaintiff has also confused the two names in his own filings.  (See Third Kovakas Decl. ¶ 2, n.1.)

[3] As a result of this release, the Civil Division continues to withhold 120 pages of responsive records in full, and will have released to plaintiff fifteen pages in full and ninety-three pages in part with all withholdings made pursuant to Exemptions 6 and 7(C).  (See Third Kovakas Decl. ¶ 4.)

-3-

for summary judgment.  (See Decl. Of James M. Kovakas, filed May 20, 2008, ¶¶ 15-21.)  These records consist of portions of a set of interrogatories answered by John Kennedy and additional portions of a deposition transcript of Cheryl Ann Piechowicz.  (See Third Kovakas Decl. ¶ 4.)  This additional disclosure will constitute a full release of all segregable, nonexempt responsive material in the Civil Division pertaining to John I. Kennedy, Jr. and all other records in this matter.

-4-

For the foregoing reasons, and based upon the entire record herein, defendant Civil Division respectfully submits that its motion for summary judgment should be granted and that plaintiff's cross motion should be denied.

                        Respectfully submitted,

                        _____
                        JEFFREY A. TAYLOR
                        (DC Bar #498610)
                        United States Attorney

                        _____
                        RUDOLPH CONTRERAS
                        (DC Bar #434122)
                        Assistant United States Attorney

                        _____/s/_____
Dated: August 28, 2008    CAROLINE A. SMITH
                        (DC Bar #501942)
                        Attorney-Advisor
                        Office of Information and Privacy
                        United States Department of Justice
                        1425 New York Ave., NW, Suite 11050
                        Washington, DC  20530-0001
                        (202) 514-8858

                        Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY GRANDISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-00024 (RJL) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## THIRD DECLARATION OF JAMES M. KOVAKAS

I, James M. Kovakas, make the following declaration under penalty of perjury.

1. I am the Attorney-In-Charge of the Freedom of Information and Privacy Acts (FOI/PA) Office, Civil Division, Department of Justice. The FOI/PA Office responds to requests for records of the Civil Division, made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524. Pursuant to Civil Division Directive No. 137-80, I am authorized to exercise the authority of the Assistant Attorney General, Civil Division, to process requests for records under 5 U.S.C. § 552.

2. In connection with the Civil Division's Motion for Summary Judgment, I submitted a declaration detailing the Civil Division's processing of plaintiff's FOIA request. In that declaration, I provided a chronology of the administrative processing of the request as well as the Civil Division's justification for withholding certain information. I also submitted a second declaration in connection with Civil Division's Opposition to "Plaintiff's Cross Motion for Summary Judgment" and Reply in Further Support of Defendant's Motion for Summary Judgment. The second declaration described the steps which I took to ascertain the life status of

2

certain individuals mentioned in the records at issue who plaintiff maintained were deceased.[1]

3. The purpose of this third declaration is to address one issue raised by plaintiff in his reply, filed on August 13, 2008. Namely, plaintiff now has provided proof of death for John I. Kennedy, Jr., one of the individuals named in the discovery materials from the civil case, <u>Cheryl Ann Piechowicz, et. al. v. United States</u>, Civil No. K-86-802 (D. Md. 1989), which is the subject of this litigation. The proof of death provided by plaintiff consisted of copies of a transcript from his sentencing hearing associated with his criminal trial and an obituary from the Baltimore Sun. (See Pl.'s Reply to the Civil Division Defendants' Opp'n to "Pl.'s Cross Mot. For Summ. J. and Reply in Further Support of Civil Division Defendants' Mot. for Summ J.", exs. E-2, E-3, E-4, F-1, F-2.) The transcript identified John Kennedy as the father of one of the victims killed by plaintiff and as a sergeant of the U.S. Marshals Service. (See <u>id.</u>, exs. E-2, E-3, E-4.) The obituary provided by plaintiff stated that a John Kennedy who was a U.S. Marshal at the federal courthouse in Baltimore died in 1998. I have accepted that these documents serve as sufficient proof that the John Kennedy identified in the records at issue in this litigation is deceased. (See <u>id.</u>, exs. F-1, F-2.)

4. After finding that John Kennedy was deceased, I again conducted a page-by-page and line-by-line review of the discovery materials from the <u>Piechowicz</u> case and determined that additional segregable portions of material are releasable. Specifically, I have found that portions

---

[1] As detailed in the second declaration, the Civil Division mistakenly conducted a search to determine whether "Joseph I. Kennedy, Jr.," rather than "John I. Kennedy, Jr." was deceased. However, due to the lack of other identifying information for John I. Kennedy, Jr. available to the Civil Division at the time of the search, the use of the correct name as a search term likely would have also proven inconclusive. Moreover, plaintiff has also confused the two names in his own filings in this matter. (<u>See, e.g.</u>, Pl.'s Cross Mot. for Summ. J., filed June 17, 2008, proposed order.)

3

of a seven-page set of interrogatories answered by John Kennedy can be released as well as additional portions of the eighty-eight-page transcript of the deposition of Cheryl Ann Piechowicz. With respect to these records, the Civil Division continued to withheld the names as well as any information that describes third parties or their activities in sufficient detail that would allow a knowledgeable reader to infer the identities of witnesses, law enforcement officials, other subjects of the investigation, court personnel, experts, and attorneys involved in the criminal law enforcement investigation as well as the related tort litigation. In total, the Civil Division will promptly release to plaintiff four pages of documents in full and fourteen pages of records in part. This supplemental release will constitute a complete disclosure of all reasonably segregable, nonexempt portions of responsive records to plaintiff. Following this supplemental release, the Civil Division continues to withhold 120 pages in full, and will have released to plaintiff 108 pages, fifteen pages in full and ninety-three pages in part with all withholdings made pursuant to Exemptions 6 and 7(C).

I declare, under penalty of perjury, that the foregoing is true and correct.

    Executed on this _28th_ day of August, 2008.

                                                  _James M. Kovakas_
                                                  James M. Kovakas
                                                  Attorney-In-Charge
                                                  FOI/PA Office, Civil Division
                                                  Department of Justice

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Supplemental Memorandum in Further Support of Defendant Civil Division's Motion for Summary Judgment, and Third Declaration of James M. Kovakas were served upon plaintiff pro se by deposit of a copy thereof in the U.S. mail, postage prepaid, first class mail, addressed to:

>Mr. Anthony Grandison
>DOC ID No. 172622
>Maryland Correctional Adjustment Center
>401 East Madison Street
>Baltimore, MD  21202

on this 28th day of August 2008.

>_____/s/_____
>CAROLINE A. SMITH